## Case No. 16,077.

### UNITED STATES v. POTTER.

[6 McLean, 182.] [2]

Circuit Court, D. Michigan. Oct. Term, 1854.

CRIMINAL LAW — NEW TRIAL — NEW EVIDENCE — SEALED VERDICT—POLLING JURY.

1. Where, in the opinion of the court, the evidence preponderates in favor of the verdict. the court will not set it aside on the ground of testimony subsequently submitted, impeaching the credibility of one of the witnesses.

[Cited in Lowry v. Mt. Adams & E. P. Incline Plane Ry. Co., 68 Fed. 829.]

2. Where a cause has been closed at the evening of adjournment, and the parties agree to a sealed verdict, and the jury come in with a sealed verdict, to which all their names are appended, the court will not permit the jury to be interrogated as to their finding, but will order each juror to be asked, whether or not the sealed verdict is or is not his verdict; and on every juror replying that it is, will direct it to be recorded as such.

[See Case No. 16,078.]

[This was an indictment against Erastus Potter. For opinion on motion in arrest of judgment, see Case No. 16,078.]

Mr. Hand, for the United States.
Lathrop & Van Arman, for defendant.

## Case No. 16,078.

### UNITED STATES v. POTTER.

[6 McLean, 186.] [1]

Circuit Court, D. Michigan. Oct. Term, 1854.

CRIMINAL LAW — ARREST OF JUDGMENT — INDICTMENT.

1. Where an indictment contains several counts, one of which is good, the judgment will not be arrested, although the other three are bad.

2. It is not charging an offense in the alternative, where the language describes the same offense. Cutting, or causing to be cut, is one offense by the statute of 1831 [4 Stat. 472].

[Cited in brief in U. S. v. Bridges, Case No. 14,644.]

[Cited in brief in State v. Moore, 61 Mo. 278.]

[See Case No. 16,077.]

[This was an indictment against Erastus Potter for cutting timber on government lands.]

In arrest of judgment.

Mr. Hand, for the United States.
Mr. Lathrop, for defendant.

WILKINS, District Judge. The reasons set forth in this case, why the judgment should be arrested, are the same as in Thompson's Case [Case No. 16,490], with this exception, that it is further objected to this indictment, that three of the four counts charge the offense in the alternative. The third count, which charges the defendant with taking and removing timber, is unobjectionable, and will sustain the indictment, as the verdict is general. If one of several counts in an indictment is good, on a general verdict the judgment cannot be arrested. Such is the ruling in the courts of the United States. It was given in evidence, that the defend-

---

[1] [From 11 Chi. Leg. News, 256.]
[2] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

ant built a shanty on the corner of lot No. 23, described in the indictment; that he was on the sections cutting; that he admitted to one Alexander Johnston, when on his way up to the place where the timber was cut, in the month of February, 1852, "that he was going up a-logging;" that one Dobbin was hired by him to move his tools, with which the timber had been cut and removed; that logs, numbering more than 800, were cut; that defendant hired men to bring or haul them to the river; that he claimed them as his; and that they were cut from the lands described in the indictment. Such being the evidence of Johnston, Dobbin, Bean, and Risdon, how is it possible for the court to entertain, for one moment, the proposition that there was no evidence to sustain the verdict. There was evidence submitted by the defendant, that he was in the employment of one McNeel, who owned lands adjoining, and that the cutting on the government lands was through ignorance and by mistake; and the court charged the jury that if they believed such to be the case, they should acquit. Mr. Samuel Potter, the brother of the defendant, was the only witness to this point, and, it seems, the jury did not believe the defense in this respect sustained.

The court entertains no doubt whatever, but what the jury were right, in the preponderance they gave to the evidence. But if I thought otherwise, I could not interfere. The jury had all the facts fully before them, and they had the right to credit or discredit the witnesses, and give such weight to the testimony as they believed it fairly entitled to. In such a case, the rules of law and the purposes of justice, do not call for the interposition of the court. A court is not authorized in setting aside the verdict of a jury, unless in a clear case of wrong, and where manifest injustice will be done, by sustaining the verdict of the jury. It is not how the judge considers the testimony, or the impression in his mind, that had he been on the jury, he would have found a different verdict, that should lead to the granting of a new trial. The two departments of trial are distinct. The province of the jury should not be ruthlessly invaded; and, unless he is satisfied from a careful examination of all the evidence, that the verdict cannot be right, it should not be disturbed by the judge.

Another ground is urged, based upon the affidavit of the defendant, stating that, "when the jury came in with a sealed verdict, it was opened and read: that something was then said between the court and counsel, as to the effect of the verdict's specifying on what count or counts, they found the defendant guilty. That one of the jury said in open court, and before the verdict was recorded in substance, 'that the jury had spoken of that, but had not acted upon it, or come to any conclusion whether he was guilty upon one or all of said counts.'" With this affidavit, by no means accurate or corresponding with the recollection of the court, is there a sufficient foundation laid for a new trial? The case had been given to the jury in the evening, and the defendant assented that they might seal their verdict, and bring it in in the morning. They did so, and on the opening of the court, the jury being present in their seats, and being called over by the clerk, the sealed verdict was handed in, signed by each juror; saying "that they found the defendant guilty in manner and form as he stands charged in the indictment, and assessed the damages at $83." After the clerk had read it, one of the counsel for the defendant, addressing the court, desired to know whether the jury applied their verdict to all the counts or any one count in particular. This remark elicited the opposition and comment of the district attorney; when one of the jurors observing that they had not considered a finding on each count necessary, the court stopped any further altercation by directing the verdict to be recorded as written out and signed by the jury, the paper itself to be filed for further reference; and on the application of defendant's counsel, the jury to be polled. The record shows the result. "And the jurors aforesaid, being each separately interrogated by the court, whether the foregoing verdict is his verdict as it stands recorded, each for himself separately answers, that it is." What more is necessary? Where is there room to doubt the action of the jury? Is it not their verdict, twice solemnly assented to by them in open court; once by their names recorded by each in his own hand-writing, and filed on record; and again as solemnly in the presence of the defendant, proclaimed by each juror, as his separate act, and as such, recorded on the journal of the court?

Wherefore should such a verdict be set aside? For irregularity? Whose? It was no error of the jury in writing out their verdict, and if they had changed their minds since that act, it was competent to retract or express such change, when specially interrogated by the court. That they adhered to their written opinion was not error. New trial refused.

[Subsequently a motion in arrest was overruled. See Case No. 16,077.]