BRANTLEY *v*. THE STATE, 13 SMEDES & Marshall, 468.

### ASSAULT WITH INTENT TO KILL.

Under the statute, Hutch. Code, 983, § 22, upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the offense charged, but guilty of an inferior degree of such offense, and such a conviction will be a bar to another indictment for the same offense.

An indictment, charging in one count an assault with intent to kill, and a second count charges an assault and battery, is good, and the jury may acquit the accused as to the first count, and find him guilty as to the second.

When no exceptions are taken in the court below to the grand jury, the prisoner cannot, after plea of not guilty, and conviction, for any defects in that body, be entitled to a new trial in the high court of errors and appeals.

Error to Yalobusha circuit court. ROGERS, J.

James R. and William Brantley were indicted in the court below for an assault with intent to kill one Jefferson Russell Trible, in the first count of the indictment, and in the second for an assault and battery upon the said Trible.

The defendants demurred to the first count, and the demurrer was overruled. A trial was had on the plea of not guilty, and a verdict of not guilty as to the first count, and guilty on the second, was brought in by the jury. A motion for a new trial was made and overruled. The court fined them one hundred dollars each, and they sued out a writ of error and bring their case to this court.

*Acee*, for plaintiffs in error,

Cited Hutch. Code, 960, § 33; Hilderbrand v. State, 5 Mo. R., 548.

*D. C. Glenn*, attorney general.

CLAYTON, J. :

This was a bill of indictment preferred in the circuit court of Yalobusha county, against the defendants. It contains two counts, the first of which charges them with an assault and battery, with intent to murder; the second, with an assault and battery only. There was a demurrer to the indictment, which was overruled. The defendants were then tried, acquitted upon the first count, and found guilty upon the second.

It is insisted, that this joinder of counts is error, for which the judgment should be reversed. There seems to have been some want of uniformity in the decision on this point at the common law, and in the different states of the Union. See 1 Chit. Cr. Law, 250, and notes. But, in this state, there is a statute which clearly governs the case. Hutch. Code, 983, § 22. But, at common law, such an objection could not have been made available, either upon demurrer, or in arrest of judgment, but only upon a motion to quash, or to compel the prosecutor to elect on which count he would proceed. Chitty, 248.

By the statute referred to, it is provided, " that upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the offense charged, but guilty of an inferior degree of such offense, and such conviction shall be a bar to any other indictment for any degree of the same offense." § 22 and 23. If, for example, there had been but the first count in this indictment, the jury might have found the defendant not guilty of the assault with intent to kill, but guilty of the assault and battery. The second count can do no harm, because, although the jury found upon it, they only found what they might have done, under the statute, without such count. At most it was but surplusage, and ought not to be allowed to vitiate. But we think there is now no impropriety in the joinder.

The other objections made to the indictment are not available,

especially as they are directed against the first count, and the defendants were acquitted upon that, and found guilty on the second.

No exceptions were taken to the grand jury in the court below, either by plea or otherwise. We cannot in this court, after a plea of not guilty and trial without objection, go back to look for defects in the organization of that body.

The evidence in the case is rather of an unsatisfactory character. It shows that some suspicion was cast upon the principal witness for the prosecution. But the jury gave him credit, and it is not our province to say they did wrong in this respect.

The judgment is affirmed.