WASH *v*. THE STATE, 14 Smedes and Marshall, 120.

### RAPE.

In criminal prosecutions no alleged error in the instructions to the jury will be noticed, unless they are embodied in the bill of exceptions, and thus made a part of the record.

The same indictment against the same individual may contain counts for several felonies of the same degree, and it is no ground for either demurrer or motion in arrest of judgment; hence, if several felonies of the same degree be·included in the same indictment, and there be a general verdict, judgment may be given on any or all the counts, according as they may be supported by the evidence.

It is an irregularity to charge distinct felonies in different counts of the same indictment.    But this does not constitute a ground for a motion in arrest of judgment.

In prosecutions for misdemeanors, where there is a general verdict of guilty, and there is any good count in the indictment, it will be referred to that and supported.

Error to Warren circuit court.    SMITH, J.

The facts sufficiently appear in the opinion.

[1] 2 Graham & Waterman on N. T., 330; Wharton Am. Cr. Law. 3155.

*R. H. Tompkins*, for plaintiff in error, argued the case orally.

*D. C. Glenn*, attorney general.

1. There were no exceptions taken to the judgment of the court, overruling the motion in arrest and for a new trial. Objections thereto cannot now be heard in this court. Code, 855, 856.

2. The instructions of the court were not excepted to, or placed before this court by bill of exceptions. The law making instructions given or refused, a part of the record, does not apply to criminal cases. The statute of 1846, Code, 893, applies only to the trial of civil suits.

3. A memorandum by the clerk, that exceptions were had to various opinions of the court, which, however, it seems, were never signed and sealed, is insufficient. 1 S. & M., 326 ; 3 ib., 533 ; 7 How., 346.

4. The offense charged is fully proved by the only bill of exceptions taken.

5. The only error charged, which this court can notice, is the ruling of the court, in regard to the ownership of the prisoner ; and on this point cited, 10 Mo., 232; 1 Hawks, 24; 2 Bailey, 67 ; Riley's Law Cases, 298, 299; 8 S. & M., 584, and cases cited.

SMITH, J. :

The prisoner at the bar was tried in the circuit court of Warren, upon an indictment, which charged, first, the commission of a rape upon Catharine Windridor, an infant under the age of ten years ; and, second, an attempt to commit a rape upon the same party, described as a "free white female child, under the age of twelve years." The jury returned a general verdict of guilty, and the court pronounced sentence of death upon the prisoner.

Three exceptions are taken to the proceedings in the circuit court, one of which will not be noticed. It is the objection to the charge of the court. It is settled, that in criminal prosecutions, no alleged error in the instructions to the jury will be noticed, unless the party objecting excepts, and, by means of a

bill of exceptions, places the objectionable charge on the record.[1]
This the plaintiff in error neglected to do.

Pending the trial before the jury, the plaintiff in error offered
to read, in evidence, a bill of sale for the prisoner, from one
Werlein to Buchanan and Steigleman, and also offered Steigle-
man as a witness to prove that the prisoner was the joint prop-
erty of himself and Buchanan. The court excluded the bill of
sale and the testimony of Steigleman. In this it is insisted the
court erred.

Steigleman is described in the indictment as the owner of the
prisoner, Evidence was adduced by the prosecution, tending to
show that Steigleman was the owner, sufficient to authorize the
jury to find that fact. The evidence rejected was offered by
way of rebuttal, or to disprove the allegation of ownership con-
tained in the indictment.

The question which would naturally first present itself, is,
whether it is essential to warrant the conviction of a slave
charged with the commission of a capital offense, to prove his
ownership as laid in the indictment. But as we are informed,
that a more thorough argument of this question is desired, and
as we can decide the point raised by the exclusion of the evi-
dence on other grounds, we will defer any expression of opinion
on the subject.

By the common law, it was necessary to insert in the indict-
ment the name of the owner of the goods alleged to have been
stolen, and to prove the ownership as charged, for the reason,
that a restitution would be ordered of the stolen property, if
found, to the owner. We may safely apply the rules, in refer-
ence to the proof of the ownership of stolen goods, in prosecu-
tions for larceny, to the subject under consideration.

When goods, the subject of larceny, are the joint property of
two or more persons, it is sufficient, if they be described in the
indictment as the property of any one of the joint owners.
Arch. Cr. Pl., 160. And where goods are stolen from the pos-
session of a bailee, they may be described as the property of
either the bailor or bailee. 2 Haile, 181; Rex v. Remnant, R.
and R., 136; 2 East, P. C., 658. Upon these principles the

---

[1] Nelms v. State, 13 S. and M., 500; and cases cited.

evidence excluded, so far from contradicting the averment of ownership, was sufficient to sustain it. Hence, as the introduction of the evidence could in no respect have benefitted the prisoner, he was not injured by its exclusion.

The indictment, as we have seen, contains two counts. The first was framed under the statute, Hutch. Dig., 959, § 22, defining the crime of rape. The second was predicated on the 55th section of the act concerning slaves, free negroes, and mulattoes, Hutch. Dig., 521. This latter statute makes it a capital offense for "any slave to attempt to commit a rape on any free white woman, or female child under the age of twelve years." By the former, the punishment attached to the actual commission of the offense is only imprisonment in the penitentiary for a term not less than ten years. By the statute, Hutch. Dig., 983, § 21, it is provided, that no person shall be convicted of an assault with intent to commit a crime, or any other attempt to commit an offense, when it shall appear, that the crime intended, or the offense attempted, was perpetrated by the accused person, at the time of such assault, or in pursuance of such attempt.

It is insisted in argument, that one of the counts in the indictment is bad. Hence, that as the verdict was a general finding of guilty on both charges, the court could not pronounce a judgment subjecting the prisoner to the punishment attached to the highest of the offenses charged.

The objection is pointed at the second count, and if it be well taken the judgment should be reversed, and a new trial awarded. The argument of counsel, however, shows that it is not an exception to the count itself, but to the finding of the jury upon it. It is not pretended, that the offense created by the 55th section of the statute concerning slaves, free negroes and mulattoes, is not properly and sufficiently charged; but it is said, that the statute (Hutch. Dig., 983) above referred to, interposed and prevented the conviction of the prisoner upon that count, as it distinctly appeared from the evidence in the cause, that the attempt to commit a rape, the offense charged, was actually perpetrated by the prisoner.

Without going into a minute examination of the testimony,

the whole of which appears in the bill of exceptions, it is suffi-
cient to observe, that we do not think that the evidence estab-
lished an actual commission of a rape, but only an attempt to
perpetrate the offense.   Hence, the finding of the jury upon the
count under consideration was sustained by the evidence.

In the case at bar, the indictment charges two distinct felo-
nies of different degrees, and assuming that both counts are
good, was it competent for the court, by its judgment, to subject
the prisoner to the penalty attached to the highest offense?
Or, in other words, could the court pronounce any judgment
whatever?   In propounding the question, we have stated an-
other exception to the judgment in this case.

The same indictment against the same individual may contain
counts for several felonies of the same degree, and it is no
ground for either demurrer or motion in arrest of judgment.
State v. Crank, 2 Bailey, R. 66 ; Chitty Cr. L., 252, 253.   The
reason of this rule is obvious.   The same plea may be tendered
to, and the same judgment may be given on all the counts.   It
follows, hence, that if several felonies of the same degree be in-
cluded in the same indictment, and there be a general verdict,
judgment may be given on any or all of the counts, according
as they may be supported by the evidence.   But in the case
under examination distinct felonies of different degrees are in-
cluded in the indictment.[1]

It appears to be settled, that it was irregular to do so.   A
prisoner ought not to be charged with distinct felonies in dif-

[1] Wharton Am. Cr. Law, 3047; U. S. v. Furlong, 5 Wheaton, 164; Miller v. State,
5 How., 250; Commonwealth v. Holmes, 17 Mass., 337; Edgerton v. Common-
wealth, 5 Allen, 514; Commonwealth v. Nickerson, 5 Allen, 519; Guenther v.
People, 10 E. P. Smith, 100; Price v. State, 2 Tenn., 254; Pole v. State, 2 Tr. Com.
Rep., 494; State v. Davidson, 12 Vermont, 300; Kane v. People, 3 Wend., 363; Com-
monwealth v. McKisson, 8 Serg. & R., 420; West v. State, 2 Zabriskie, 212; Bullock v.
State, 10 Ga., 47; Roberts v. State, 4 Ga., 8; State v. Jennings, 18 Mo., 435; Buch
v. State, 1 Ohio St, R., 15; Baron v. State, 1 Parker, C. C., 246; People v. Stein, ib.,
202; Isham v. State, 1 Sneed, 111; Shaw v. State, 18 Ala., 547; Bailey v. State, 4
Ohio (N. S.), 440; Buford v. Commonwealth, 14 B. Monroe, 24; Commonwealth v.
Hawkins, 3 Gray, 463; U. S. v. Potter, 6 McLean, 186; Manly v. State, 7 Md., 132;
U. S. v. Burns, 5 McLean, 23; State v. Burke, 38 Maine, 574; Hazen v. Common-
wealth, 23 Pa. St. R., 355; Baker v. State, 30 Ala., 521; Josselyn v. Commonwealth,
6 Metcalf, 236; Jennings v. Commonwealth, 2 Pick., 356; Bennett v. State, 8
Humph., 118; Parker v. Commonwealth, 8 B. Monroe, 30; Hartman v. Common-
wealth, 5 Barr, 60; Stone v. State, 1 Spencer, 404; U. S. v. Burroughs, 3 McLean,
705; State v. Miller, 7 Iredell, 275; State v. Connelly, 3 Rich., 337; Grant v. Astley,
Doug., 730; Peake v. Oldham, Comp., 275; Rex v. Barfield, 2 Burr, 986.

ferent counts of the same indictment. But this irregularity does not constitute a ground for a motion in arrest of judgment. If the objection had been made before prisoner pleaded, it might have been good ground for quashing the indictment; and even after the case had been put to the jury, the court, upon the application of the prisoner, might have compelled the prosecuting attorney to his election, as to which charge he would proceed on. Rex v. Young, et al. 3 Durnf. & E., 106; Arch. Cr. Pl., 56; Rex v. Strange, 34 Eng. Com. R., 341. In the last case cited, which was an indictment under the statute of 7 Will. 4, and 1 Victoria, the offense of stabbing and cutting with intent to murder, with intent to maim, and with intent to do grievous bodily harm, were all included in the same indictment; and notwithstanding the judgment is, by the statute, different, being for the offense charged in the first count capital, and for the others transportation, an application to compel the prosecutor to elect on which count he would proceed, was refused.

The statute, Hutch. Dig. 959, was not intended by the legislature to apply to the commission of the prohibited offense by a slave. This intention is manifest, when we regard the character and degree of punishment attached to the crime of rape, and the penalty denounced against a bare attempt, by a slave, to perpetrate the offense upon a free white woman, or a female child under the age of twelve years. We are not permitted to indulge the supposition, that the legislature designed to punish the same individual capitally, for a mere attempt to commit a rape, but if he should succeed in perpetrating the offense, to subject him only to imprisonment in the penitentiary. The completion of the act of rape, necessarily includes an attempt to commit it; but rape by a slave, upon a free white woman, or female child under the age of twelve years, is not made an offense by the statute law of this state. Hence, the first count, framed under the statute above referred to, was bad. It remains then to be seen whether the second count, which is valid, will sustain the verdict in this case. In disposing of this, we shall settle the remaining objection to the judgment. It is well settled in this state, that in prosecutions for misdemeanors, where there is a general verdict of guilty, and there is any good count in the

indictment, it will be referred to that and supported.    Kliffield v. The State, 4 How. 304 ; Friar v. The State, 3 ib., 422 ; Miller v. The State, 5 ib., 250 ; Brantley v. The State, 13 S. & M., 468.    The reason is, because the jury, on the law and the facts, have found the prisoner's guilt ; and enough appearing on the record to enable the court to see his crime, and to award the appropriate legal punishment, there is nothing to prevent the rendition of judgment.    The same rule applies in civil cases by express statutory enactment.    How. & Hutch., 591, § 12.    We do not find, however, that this rule has been applied in any case, where the defendant was capitally charged.    But there can be no good reason, why it should not be sanctioned, as well in capital cases as in prosecutions for misdemeanors.    In England the rule is applied to both ; 1 Chitty, Cr. L., 249 ; although a different principle is recognized there in civil cases.    In South Carolina, the same rule governs in both classes of offenses State v. Crank, 2 Bailey, R., 66.

Let the judgment be affirmed.