THE STATE v. SMALLWOOD, *Appellant.*

1. **Obtaining Property under False Pretenses:** PLEADING, CRIMINAL. An indictment under Wag. Stat., sec. 47, p. 461, for obtaining the property of one H. M. under false pretenses, after setting out the false pretenses resorted to and charging that they were unlawfully, willfully, knowingly, feloniously and designedly made by defendant, averred that H. M., relying on them as being true, delivered his property to defendant, and further charged that by means of these false pretenses, defendant unlawfully, &c., obtained said property from said H. M. with intent to cheat and defraud said H. M. *Held,* that the indictment was not insufficient as failing to allege that the false pretenses were made with intent to cheat and defraud and were relied on by H. M.

2. **Practice, Criminal:** GRAND JURY. A motion in arrest of judgment on the ground that the record does not show that the grand jury, which returned the indictment against defendant, was empanneled and sworn, is properly overruled. The objection comes too late after verdict.

*Appeal from Scotland Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—The defendant, Jesse Smallwood, and one Jacob Smallwood, were indicted in the Adair circuit court, at its February term, 1877, for obtaining property under false pretenses. At the instance of defendant the venue of the cause was changed to the Scotland circuit court, where, at the May term, 1877, thereof, he was put upon his trial,

which resulted in his conviction, and the assessment of his punishment to two years imprisonment in the penitentiary. From this judgment he appeals, and seeks a reversal of the judgment because of an alleged insufficiency of the indictment.

The indictment charges that the defendant and Jacob Smallwood, on, &c., at, &c., unlawfully, willfully, knowingly, feloniously and designedly, did falsely pretend to one Hezekiah Moore that they, &c., had then and there purchased for themselves, and said Hezekiah Moore jointly, in equal interests, of one Marquis McDonald, a certain ten acres of land and coal bank thereon, for the sum of $1,200; that they, &c., had then and there paid to said Marquis McDonald for said ten acres of land and coal bank thereon, said sum of $1,200; that they, &c., had then and there paid to said Marquis McDonald, for their said interests in said ten acres of land and coal bank, $800 of said $1,200; and that they, &c., had then and there paid to said Marquis McDonald for his, said Hezekiah Moore's, interest in said ten acres of land and coal bank, $400 of said $1,200, and that said $1,200 was the least sum of money the said Marquis McDonald would then and there take for said ten acres of land and coal bank; and the said Jesse Smallwood and Jacob Smallwood then and there demanded of him, the said Hezekiah Moore, that he, the said, &c., as compensation and reimbursement to them, the said, &c., for said falsely pretended payment of said $400 to said Marquis McDonald for said Moore's interest in said ten acres of land and coal bank aforesaid, turn over and deliver to them, the said, &c., twenty-four head of cattle, then and there the property of said Moore; that said false pretenses, aforesaid, were then and there made by said Jacob Smallwood and Jesse Smallwood for the purpose of obtaining from said Hezekiah Moore twenty-four head of cattle; and by means of said false pretenses, the said Hezekiah Moore, then and there relying on the false pretenses aforesaid, as being true, did then and there deliver over to said Jesse

13—68

Smallwood and Jacob Smallwood the twenty-four head of cattle aforesaid; and by means of which said false pretenses, the said Jacob Smallwood and Jesse Smallwood did then and there unlawfully, willfully, knowingly, feloniously and designedly obtain from the said Hezekiah Moore said twenty-four head of cattle, which were then and there of the value of $400, and were then and there the property of said Hezekiah Moore, as aforesaid, with intent then and there to cheat and defraud him, the said Hezekiah Moore ; whereas, in truth and in fact, &c.   The indictment negatives the truth of the representations alleged to have been made.

Various objections are presented to the indictment in the motion in arrest, the most important of which are that 1. OBTAINING it fails to allege that the representations were PROPERTY UNDER FALSE PRETENSES: made "feloniously, knowingly and designedly pleading, crimi-nal. with intent to cheat and defraud," or that Moore parted with the cattle relying on the representation. The indictment charges that defendant "willfully, feloniously, knowingly and designedly," made certain false pretenses by means of which he obtained from Moore the property mentioned therein, "with intent then and there to cheat and defraud him."   It is based on Wag. Stat., sec. 47, p. 461, and charges the offense in the language of the act, and is in strict conformity to precedents.   2 Bish. Crim. Law, § 162; 3 Chitty Crim. Law, §§ 1009, 1020.   The sufficiency of an indictment founded on the same statute, and which preferred the charge in the same language to be found in the one under consideration, was drawn in question in the case of the State v. Scott, 48 Mo. 422, and it was held to be sufficient.   The indictment also charges, in appropriate language, that Moore, in reliance upon the truth of the representations parted with his property.

The objection made in the motion in arrest that the record did not show that a grand jury was empaneled and 2. PRACTICE, CRIM-sworn, cannot be considered.   It does show INAL: grand jury. that the indictment was returned into the

Adair circuit court by a grand jury consisting of twelve men. The objection that it does not show that they were empaneled, charged and sworn, comes too late after verdict. *State v. Burgess*, 24 Mo. 381; *Brantley v. State*, 13 S. & M. 468; *People v. Robinson*, 2 Park. Crim. Rep. 235, 311; *People v. Griffin*, 2 Barb. S. C. Rep. 427. Judgment affirmed, with the concurrence of the other judges.

AFFIRMED.