# THE STATE v. JAMES MITCHELL, Appellant.

### Division Two, November 14, 1911.

1. **GRAND JURY: Not Impaneled: No Motion to Quash.** Where defendant does not move to quash the indictment on account of the alleged failure of the court to impanel or swear the grand jury, and does not plead those facts in abatement of the indictment, his assignment on appeal that the judgment must be reversed because the grand jury which returned the indictment was neither impaneled nor sworn, must be disregarded.

2. **ARRAIGNMENT: None for Murder in Second Degree: Convicted of Assault with Intent to Kill.** Where defendant was indicted for murder in the second degree and tried on that charge, but was arraigned for murder in the first degree and for assault with intent to kill, and was convicted of an assault with intent to kill, he cannot complain that he was not arraigned for murder in the second degree. He was not prejudiced by the failure to give him an opportunity to plead to the charge of murder in the second degree, and a judgment will not be reversed on account of errors which do not prejudice defendant in the trial or determination of the same.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Geo. T. Meador* for appellant; *Pat Miley* of counsel.

(1) The record is silent in this case as to the convening of the court, the impaneling and swearing of the grand jury, at the time this indictment was returned into court, hence the court had no jurisdiction to try the cause. R. S. 1909, sec. 5066; State v. Hurst, 123 Mo. App. 39; State v. Bobbst, 131 Mo. 335; State v. Lord, 118 Mo. 1; State v. Armstrong, 167 Mo. 267. (2) Appellant having only been arraigned on the charge of murder in the first degree and felonious assault, could not legally be tried for murder in the second degree, without having had an opportunity to plead to that charge. R. S. 1909, sec. 5165; State v. Barnes, 59 Mo. 154; State v. Barnett, 63 Mo. 300; State v. Boatright, 182 Mo. 34. (3) The bill of exceptions, the only repository for proof, fails to show that the offense was committed in Texas county. This necessitates a reversal of the case. State v. Kindrick, 21 Mo. App. 507; State v. Prather, 41 Mo. App. 451; State v. McGrath, 73 Mo. 181.

*Elliott W. Major*, Attorney-General, and *Campbell Cummings*, Assistant Attorney-General, for the State.

(1) The second count in the indictment, the one upon which appellant was convicted, uses the statutory terms and substantially follows the approved form. State v. Barton, 142 Mo. 450; State v. Williams, 191 Mo. 205; State v. Maguire, 113 Mo. 670; State v. Hoffman, 78 Mo. 256. (2) Where it is con-

tended that the record does not show that the grand jury was regularly impaneled or sworn, such a question must be raised by plea in abatement, or motion to quash and evidence in proof thereof, as shown by the bill of exceptions, and cannot be raised after trial. Such an error or irregularity is cured by the verdict. State v. Randolph, 139 Mo. App. 314; State v. Glasscock, 232 Mo. 278; State v. Smallwood, 68 Mo. 192; State v. Griffin, 87 Mo. 608; State v. Pate, 67 Mo. 488; State v. Clifton, 73 Mo. 430; State v. Mann, 83 Mo. 580. (3) Appellant complains that he was arraigned on the charge of murder in the first degree and felonious assault, and not murder in the second degree, and that such trial on the second degree was erroneous. This claim is without merit. The absence of arraignment on the charge of murder in the second degree was harmless, as appellant was acquitted by the verdict of that charge, and was found guilty only on the charge of felonious assault.

BROWN, J.—Upon an indictment charging him with murdering one John Moore, and also with assaulting said Moore with intent to kill, defendant was tried in the circuit court of Texas county on November 16th, 1910, and convicted of the crime of assault with intent to kill; and appeals from a judgment fixing his punishment at three years in the penitentiary.

The evidence establishes the fact that defendant, without reasonable provocation, stabbed deceased with a knife, inflicting serious wounds; that said Moore died eight months after the assault; but the evidence is not conclusive as to whether he died from the wounds inflicted by defendant or from other causes.

The instructions, none of which are complained of by defendant, submitted to the jury in the alternative, the charge of murder in the second degree and assault with intent to kill.

The defendant seeks a reversal of the judgment because, (1) the grand jury which returned the indictment was neither impaneled nor sworn; (2) defendant was tried for murder in the second degree without first being arraigned on that charge; and (3) the venue of the crime was not proven.

## OPINION.

Defendant's first assignment of error must be disregarded, because he did not move to quash the indictment on account of the alleged failure of the court to impanel or swear the grand jury; nor did he plead those facts in abatement of the indictment. [State v. Smallwood, 68 Mo. 192; State v. Glasscock, 232 Mo. 278.]

The record shows that while defendant was indicted for murder in the second degree and tried on that charge, he was arraigned for murder in the first degree and assault with intent to kill. If he had been convicted of murder in the second degree, the failure of the court to arraign him on that charge might have been cause for reversal; but as he was acquitted of the charge of murder and only convicted of assault with intent to kill, we cannot understand how he was prejudiced by the failure to give him an opportunity to specifically plead to the charge of murder in the second degree.

We cannot reverse judgments on account of errors which do not prejudice the defendant in the trial or determination of the cause; and therefore, must overrule defendant's second attack on the judgment.

The contention of defendant that the evidence does not prove that the crime was committed in Texas county is not supported by the record. Mrs. C. A. Moore, on behalf of the State, testified that the fight

in which her husband was wounded occurred in Texas county.

Finding no reversible error in the record, the judgment of the trial court is affirmed. *Kennish, P. J.*, and *Ferriss, J.*, concur.