STATE OF MISSOURI, Respondent, v. JAMES BROWN, Appellant.

Kansas City Court of Appeals, April 2, 1917.

1. **GRAND JURY: Indictment: Court: Adjournment: Waiver.** A judge ordered a grand jury for an adjourned term. Court convened at the time appointed, organized the grand jury and adjourned to the court in course without discharging the jury, which continued its investigations and at the regular term reported an indictment against B. A trial was had and B convicted. It was *held* that the authority of the grand jury expired at the adjournment of the term to the court in course. But as the defendant made no objection to the authority of the grand jury, or attack upon the indictment, until after he was convicted, it was then too late and his conviction was sustained.

2. ———: **De Facto: Query.** Whether a grand jury which continues its investigations and finding of indictments after the term for which it was summoned is a jury *de facto* and its acts valid, *quaere.*

Appeal from Holt Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*R. L. Minton* and *H. B. Williams* for appellant.

*A. M. Tibbells* for respondent.

ELLISON, P. J.—Defendant was indicted and convicted in Holt county for playing for money a game of chance called "craps."

The sole point raised by defendant relates to the grand jury. It appears that there are two regular terms of the circuit court in Holt county, one beginning the third Monday in May and the other the fourth Monday in October of each year. The May, 1915, term was adjourned to the 18th day of October of that year when an adjourned term was held. The judge of the court had in the meantime ordered a grand jury summoned for the adjourned term. The jury was duly empaneled, sworn and charged. It thereupon entered upon its duties. The court was then "adjourned to the court in course," the jury continuing its investigations. At the opening of the regular term (one week afterwards) on the fourth Monday, the jury returned into court a number of indictments, that against this defendant being one of them. A trial was afterwards had and defendant convicted as above stated.

The point made by defendant is that when the court adjourned to "court in course" (the fourth Monday in October) it *ipso facto* dissolved the grand jury. Various sections of the statute were evidently enacted on the theory of cooperation by the court and grand jury. [See sections 5066, 5092, 5093, 5098, 5081, 5079, R. S. 1909.]

But while there can be no thought of a grand jury as a separate entity and without dependence on the existence of a court, yet it has separate functions to perform independent of the court. It pursues its own line of investigation and controls its own sittings and adjournments. It may be in session while the court is in recess. We think that an adjournment of court for a number of days, or over to an adjourned term would not necessarily affect the life or the functions of the jury. [State v. Pate, 67 Mo. 488; Commonwealth v. Bannon, 97 Mass. 214; 20 Cyc. 1332, 1333.]

But the adjournment of the court for the term involves different considerations. A grand jury is summoned to serve at a certain term of court, and during

that term, unless sooner discharged. Its period of official life is limited to the term for which it is summoned and when that term ends so ought the existence and organization of the grand jury.

But it has been ruled that a grand jury, like an officer, may have a *de facto* existence beyond its official term (People v. Morgan, 133 Mich. 550; State v. Noyes, 87 Wisc. 340), and that if at a succeeding term it is recognized by the court and indictments received from it, they are valid.

We feel that we are relieved from the necessity of passing upon the question just stated from the fact that defendant has waived it by going to trial without making such suggestion by motion to quash or otherwise, until after the verdict was returned against him. [State v. Smallwood, 68 Mo. 192; State v. Mann, 83 Mo. 589; State v. Mitchell, 237 Mo. 212.] These cases did not involve the objection here, but we think they bear upon it. In State v. Brown, 181 Mo. 192, 229, the court said that it was, "The practice not to arrest judgment on the ground of irregularity in the summoning or the procedure of the grand jury."

The foregoing considered we feel constrained to rule that the judgment should be affirmed. All concur.