No. 26,153.

ANNETTE OLSSON, *Appellee*, v. GEORGE W. SAVAGE, ROY W. SAVAGE, as Executors of the Last Will of ANNETTE GASKELL, Deceased, et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. ALIENS—*Privileges and Disabilities—Succession to Personal Property.* Under the treaty between the United States and Sweden, proclaimed March 20, 1911, a subject of the king of Sweden is entitled to inherit personal property from a citizen and subject of the United States.

2. TREATIES—*Construction and Operation—Reasonable Interpretation.* "The provisions of a treaty are to be given reasonable interpretation, one that will effectuate the obvious purpose of the contracting powers, and if it were deemed to be open to construction, one which would restrict rights that might be claimed under it, and the other favorable to them, the latter is to be preferred"—following *Vietti v. Fuel Co.,* 109 Kan. 179, 197 Pac. 881.

3. DESCENT AND DISTRIBUTION—*Relationship—Evidence.* Various assignments of error considered and held to be not well founded.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 7, 1925. Affirmed.

*S. C. Bloss, J. E. Torrance* and *O. W. Torrance,* all of Winfield, for the appellants.

*L. D. Moore* and *H. W. Herrick,* both of Winfield, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a citizen of Sweden to set aside the will of her aunt, Annette Gaskell, who was an American citizen. The plaintiff prevailed, and defendants appeal.

The principal question involved is whether, under existing treaties, a citizen of Sweden may inherit personal property in this country from a citizen of the United States.

This court, in *Colson v. Carlson,* 116 Kan. 593, 227 Pac. 360, considered the right of a citizen of Sweden to inherit real estate from a citizen of the United States. The treaty that controlled in that case is controlling here. The next to the last paragraph of article XIV of that treaty (proclaimed March 20, 1911, 37 U. S. Stat. 1479, 1488; Senate Document No. 1063, 62d Congress, 3d Sess., vol. 3, pp. 112, 117) reads:

"The citizens of each of the contracting parties shall have power to dispose of their personal goods within the jurisdiction of the other, by sale, donation,

1. Aliens, 2 C. J. § 36.   2. Treaties, 38 Cyc. pp. 970, 971; 17 A. L. R. 635; 15 R. C. L. 157.   3. Descent and Distribution, 18 C. J. § 129.

testament, or otherwise, and their representatives, being citizens of the other party, shall succeed to their personal goods, whether by testament or *ab intestato,* and they may in accordance with and acting under the provisions of the laws of the jurisdiction in which the property is found take possession thereof, either by themselves or others acting for them, and dispose of the same at their will, paying such dues only as the inhabitants of the country wherein such goods are shall be subject to pay in like cases."

It is argued by the defendants that this provision of the treaty applies only to subjects of the contracting parties residing in countries other than their own, and has no provision touching upon the rights of a Swedish subject to inherit from an American subject in this country nor of an American citizen to inherit from a subject of Sweden residing in that country.

In *Vietti v. Fuel Co.,* 109 Kan. 179, 197 Pac. 881, it was said in the opinion:

"The provisions of a treaty are to be given reasonable interpretation, one that will effectuate the obvious purpose of the contracting powers, and if it were deemed to be open to construction, one which would restrict rights that might be claimed under it, and the other favorable to them, the latter is to be preferred." (See, also, *Hauenstein v. Lynham,* 100 U. S. 483; *De Geofroy v. Riggs,* 133 U. S. 258; *Asakura v. Seattle,* 265 U. S. 332; authorities cited in 10 Rose's Notes, 968.)

The language of the treaty itself is sufficient answer to defendant's argument. Obviously it was meant to provide that Swedish heirs or devisees should be entitled to inherit personal property or receive it by testament, not only from citizens of the United States, but also from residents of the United States who died subjects of the king of Sweden.

Other alleged errors by the trial court are only briefly touched upon by the defendants in their brief. One, that there was not sufficient evidence that the plaintiff bore a relationship to Annette Gaskell that would entitle her to inherit. The evidence was sufficient on this point as well as others to sustain the judgment. We have considered the various specifications of error, but find none on which a reversal could be predicated.

The judgment is affirmed.