No. 27,843.

EMMA B. FERGUS et al., *Appellants*, v. ERNEST TOMLINSON, as Administrator, etc., *Appellee.*

(268 Pac. 849.)

filed July 7, 1928. Opinion

*W. C. Roberts,* of Emporia, and *J. G. Hutchison,* of Kansas City, Mo., for the appellants.

*Owen S. Samuel,* of Emporia, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question involved here is whether a subject of Great Britain is entitled to inherit the personal property of his deceased wife, a citizen of this state and country. The plaintiffs are blood relatives and collateral heirs of Anna M. Power-Tomlinson. Defendant, her husband, a British subject, was administrator of her estate by appointment of the probate court of Lyon county, Kansas, of which county and state she was a resident. The husband prevailed and plaintiffs appeal.

At the time for the final settlement of the estate the plaintiffs appeared and filed a verified motion alleging that they were Mrs. Tomlinson's heirs at law, and that the defendant, a British citizen and subject, could not inherit from her, and praying that the personal property of which she died seized be ordered distributed to

them. Their motion was overruled by the probate court, whereupon they appealed to the district court. The appeal was there heard upon the verified motion and an agreed statement of facts as follows:

"It is hereby stipulated and agreed by and between the parties hereto that Anna M. Power-Tomlinson, deceased, died in Emporia, Lyon county, Kansas, leaving personal property in said county to the value of more than five hundred dollars; and leaving surviving her no children, or other lineal descendants, but leaving surviving her her husband, the said Ernest Tomlinson, and that said Ernest Tomlinson is a British subject, and not an American citizen.

"It is further stipulated and agreed, that the said Anna M. Power and the said Ernest Tomlinson were married on January 16, 1924; that the said Anna M. Power-Tomlinson died May 28, 1924; and that the said personal property is not the joint earnings or accumulations of the said Anna M. Power-Tomlinson and Ernest Tomlinson; and that the proponents of the motion are the aunt and cousins of the said Anna M. Power-Tomlinson, deceased, and all of them now surviving."

Upon a trial in the district court the order of the probate court was affirmed and a judgment rendered to the effect that the administrator make distribution of the personal property pursuant to the order of the probate court.

The plaintiffs contend that the defendant, being a British subject, is treated by the law of descents and distributions as if he did not exist; that all of the estate goes to the next in order of descent. An extensive argument and many authorities are cited in support of the contention, on the theory that the question depends upon the treaty rights existing between this country and Great Britain. The defendant, on the other hand, relies upon *Olsson v. Savage et al.*, 119 Kan. 603, 240 Pac. 586, wherein it was held that under the treaty between the United States and Sweden, proclaimed March 20, 1911, a subject of Sweden is entitled to inherit personal property from a citizen of the United States. The plaintiff contends that the Olsson case is not controlling because of a difference in the wording of the two treaties. The language of the treaties is so similar that it is difficult to distinguish them. However, the decision need not rest upon the provisions of the treaty. Our constitution (original section 17 of the bill of rights) provided that "no distinction shall ever be made between citizens and aliens in reference to the purchase, enjoyment or descent of property." So far as real property was concerned, this was an abrogation of the common-law

rule which prevents the inheritance by aliens of real property. This provision of the constitution was amended in 1888. The section then adopted and now in force reads:

"No distinction shall ever be made between citizens of the state of Kansas and the citizens of other states and territories of the United States in reference to the purchase, enjoyment, or descent of property. The rights of aliens in reference to the purchase, enjoyment or descent of property may be regulated by law." (Bill of Rights, § 17.)

This amendment, without a statute regulating the rights of aliens with reference to the purchase, enjoyment or descent of property, reinstated the common-law rule (*Johnson v. Olson,* 92 Kan. 819, 821, 142 Pac. 256), which now obtains, but alienage is not at common law any obstacle to the acquisition of title to personal property by next of kin. (2 C. J. 1069, and cases cited.) No reason is apparent, therefore, why the husband in the instant case, although a British subject, may not inherit his wife's personal estate. The question needs no further elucidation.

The judgment is affirmed.