THE STATE OF NEW JERSEY, RESPONDENT, v. JAMES MERCER DAVIS, PROSECUTOR.

Argued October 10, 1930—Decided December 2, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

199

For the prosecutor, *Thomas G. Haight, Merritt Lane* and *Wilfred H. Jayne, Jr.*

For the state, *Robert H. McCarter,* assistant attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ in this case was sued out to review the validity of an indictment presented to the Court of Oyer and Terminer of Ocean county on the 18th day of September, 1930, by the members of the grand jury impaneled and sworn at the beginning of the April term, 1930.

The situation disclosed by the state of the case is as follows: The April term of the Court of Oyer and Terminer of the county of Ocean expired on the 15th day of September, 1930. On that day, upon the application of the assistant attorney-general, the following order was made by the court: "It appearing to the court that the term of the grand jury for the April term, 1930, in and for the county of Ocean would normally expire on the 15th day of September, instant, and it being represented to the court by the assistant attorney-general that the said grand jury is still engaged in the discharge of its duties, and will not have finished its work at the stated time, it is thereupon, on this 15th day of September, 1930, on motion of the assistant attorney-general of New Jersey, ordered that the term of said grand jury be, and it is hereby extended until it shall have announced to the court that it has finished its labors and is ready to be discharged; and it is further ordered that the present April term of the said court be continued and not terminated at the close of this day's business." On the following day a new term of the Ocean county courts opened, and a new grand jury, having been duly summoned, was at that time duly impaneled and sworn, and since that date has been acting as a grand jury in and for the county of Ocean. On the 18th day of September the members of the grand jury impaneled for the April term presented to the Court of Oyer

and Terminer the indictment brought up by the present writ, and at the time of the making of such presentment the court was advised by the members of that body that the indictment had been found prior to the last day of the April term, but had not been presented earlier because of the fact that it was overlooked by the grand jury and the assistant attorney-general.

The fundamental questions involved in the present case are these: First, whether the Court of Oyer and Terminer is vested with power to extend the normal term of a grand jury beyond the period fixed by the statute, and beyond the beginning of a new term of the courts of the county after a subsequent grand jury, duly impaneled and sworn, is functioning; and, second, if no such power exists in the Court of Oyer and Terminer, then whether an indictment found by a grand jury during its term, but not presented to the court until after that term has come to an end, is a valid indictment.

Section 2 of the statute relative to the Supreme and Circuit Courts (*Comp. Stat., p.* 1711) provides that the Supreme Court may from time to time fix the times for holding the stated terms of the several Circuit Courts, Courts of Oyer and Terminer, Courts of Common Pleas, Courts of Quarter Sessions and Orphans Courts; provided at least three such terms of each court shall be held annually. Section 4 of our Criminal Procedure act (*Comp. Stat., p.* 1821) provides that "the said Court of Oyer and Terminer shall be held in the respective counties of the state at the time of holding the Circuit Courts in the same, and at any other time that the chief justice or one of the justices of the Supreme Court shall think it necessary to appoint." Pursuant to the power conferred by the statutory provision first recited, the Supreme Court some years ago appointed the times for holding the stated terms of the Circuit Court, the Court of Oyer and Terminer, &c., of the county of Ocean, fixing three terms of the said courts, the first of which begins on the second Tuesday in April, the second of which begins on the third Tuesday in September and the third of which begins on the second

Tuesday in December in each and every year. It is hardly necessary to state that, although the closing date of the respective terms is not fixed, it must occur prior to the beginning of the next succeeding term. The supplement to our Jury act, approved May 29th, 1913 (*Pamph. L., p.* 828, § 7), after providing the method in which the members of the grand jury shall be selected, then declares that those so selected "shall be summoned to serve as grand jurors in and for such county at the next ensuing term of the courts thereof." By virtue of this statute, it is apparent that a grand jury ceases to exist at the expiration of the term for which it is summoned to serve, if not discharged earlier. So, also, by force of this latter statute, a new grand jury is required to be impaneled and sworn at the opening of each successive term of the Court of Oyer and Terminer, and we have found nothing in any of the statutes bearing upon the question which attempts to vary this legislative mandate or to confer upon the Court of Oyer and Terminer any power to continue in service a grand jury after the expiration of the term for which it has been appointed and impaneled, and after a new grand jury has been impaneled and sworn, and has entered upon the discharge of its duties.

It is contended on the part of the state that the conclusion above expressed fails to take into account the provision contained in the latter part of section 4 of the Criminal Procedure act, above recited; viz., that the Court of Oyer and Terminer may be held not only at the time of the holding of the Circuit Court of the county, but "at any other time that the Chief Justice or one of the justices of the Supreme Court shall think it necessary to appoint;" and it is argued that, by virtue of this provision, the making of the order continuing the April term grand jury in office after the opening of the September term was a valid exercise of judicial power. We consider this contention not to be well founded. In the first place, the order referred to was not made by a member of the Supreme Court, but by the Court of Oyer and Terminer of Ocean county; and the statute referred to does not confer upon *that court* the power which it attempted to

exercise. Moreover, the statute does not authorize a justice of the Supreme Court to continue in office a grand jury impaneled for a specified term after that term has expired and a new grand jury has been legally impaneled and sworn and has entered upon the performance of its duties. The cases of *State* v. *McDevitt*, 84 *N. J. L.* 11, and *State* v. *Bolitho*, 103 *Id.* 246, cited in support of counsel's contention, are not relevant. In each of those cases the grand jury had been discharged from further service during the term for which it had been impaneled. This made it necessary to direct the installment of a special grand jury to investigate alleged prior violations of the criminal law or the postponement of such investigation until the next stated term of the Court of Oyer and Terminer. In this situation, a justice of the Supreme Court directed that a special grand jury be drawn and sworn, and this was done, and it was held in the decisions referred to that such action was legally justified under our statutes regulating the administration of the criminal law. There is no suggestion in either of the opinions cited that the term of the special grand jury continued after the opening of the next stated term of the court and the impaneling and swearing in of a new grand jury. In the present case there was no discharge of the April term grand jury and the appointment of a grand jury to serve in its stead, but an attempt to continue in office a grand jury appointed for a stated term after that term had come to an end. In our opinion, even if the order of continuance had been made by a justice of the Supreme Court and not by the Court of Oyer and Terminer, such order would not have been within the scope of the authority conferred by the legislature upon a member of this court; and would have been *coram non judice.*

We consider also that the delivery of this so-called indictment by the members of the grand jury of the April term to the Court of Oyer and Terminer after the opening of the September term of that court and the impaneling of a new grand jury was not the presentation of an indictment by a grand jury. It seems hardly necessary to state that an in-

dictment to have life must not only be *found* by a grand jury, but must also be *presented* by that body *during its term of service* to the court in which it was impaneled. Until such presentment has been made it is like the verdict of a petit jury which has been agreed to by the members of that body, but has not been rendered to the court in which it is functioning. It is argued on behalf of the state that, as the indictment was found by the April term grand jury before the expiration of that term, its act in presenting the indictment after its legal existence had terminated was valid because to that extent it was a *de facto* body, and as such its act should be recognized as valid so far as the public and third persons are concerned. This contention, however, seems to us to be without merit. As was stated by the Supreme Court of Illinois in the case of *People* v. *Brautigam,* 142 *N. E. Rep.* 208, 211, in discussing a question identical in its essence with that now under consideration, "the grand jury, because the court had no power to continue it, was acting under color of an authority which was void; but it could not become a grand jury *de facto* because there was a grand jury *de jure* which was performing the duties of that body, and its acts were mere usurpations of authority and were void."

For the reasons indicated, we conclude that the prosecutor is entitled to judgment.