162 So. 411

## RICHERSON v. STATE.
### 1 Div. 209.

Court of Appeals of Alabama.
June 25, 1935.

B. F. McMillan, Jr., of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant seasonably filed a number of pleas in abatement, the substance of which is embraced in plea 2 as follows:

"Comes the defendant and for further plea in abatement says, that the State ought not to prosecute this indictment against him, but that the same should be abated and held for naught, because the Grand Jury that returned the said indictment against him was not drawn and impaneled as required by law. That prior to the 6th day of September, 1932, the Judge of the Circuit Court of Baldwin County, Alabama, drew from the jury box of said County the necessary jurors for the holding of the fall term of the Circuit Court of said Baldwin County, Alabama, which was to begin by law, or the rules of said Court, on the 2nd Monday of September, 1932, and from which said jurors so drawn was to be selected a grand jury. And that on to-wit the 6th day of September, 1932, the said Circuit Judge of said Court ordered said fall term of the Circuit Court postponed until, to-wit, 9th day of January, 1933, and that the jurors so drawn by him to serve as grand and petit jurors be summoned to appear at said term of court to be held beginning January 9, 1933, to serve as such, and that on, to-wit: the 9th day of January, 1933, there was drawn and selected from the jurors so drawn by said Judge prior to September 6, 1932, for jury service, at the fall term of said Court for said year of 1932, the grand jury that returned the indictment in this case, and that said grand jury was not drawn and impaneled as required by law. And this the Defendant is ready to verify and prays that he be discharged."

Upon motion of the solicitor, these pleas were stricken and to this action of the court defendant duly excepted.

The jury was drawn for the fall term of the court 1932, which expired by operation of law on the last Saturday before the 25th day of December, 1932. Code 1923, § 6667. The expiration of the term of the court had the effect of discharging from service jurors drawn and summoned for the fall term of the court 1932. A new term of the circuit began on the 1st Monday in January, 1933 (section 6667, supra), and if a jury was required for that term, to serve either at the time fixed by law, or at a time fixed by order of the judge, in accordance with section 6668 of the Code, the judge should have proceeded to draw a jury for that term under section 8616 of the Code of 1923.

It is admitted by the pleadings and rulings thereon that no jury was drawn by the circuit judge in accordance with the above statute, but an effort was made by an order of the court to carry over into a subsequent term jurors drawn to serve during a term of court which had expired by law. Such action of the court does not comply with the law and no jurors were drawn in accordance with the requirements of the statute to serve during the January term of the court 1933.

In Reese v. State, 228 Ala. 132, 152 So. 41, in a case similar to the one at bar, our Supreme Court recognizes the rule stated in Fryer v. State, 146 Ala. 4, 41 So. 172, but held that the motion to quash was not the proper mode of raising the question. Here the question is raised by plea in abatement and the trial court erred in granting the state's motion to strike said plea.

The above being decisive of this appeal, all other questions are reserved.

The judgment is reversed and the cause is remanded.

Reversed and remanded.