No. 38,851

In the Matter of the Application of RALPH K. FRYE for a Writ of Habeas Corpus.

No. 38,854

CLARK E. TUCKER, *Petitioner*, v. ELLSWORTH EDWARDS, *Respondent*.

No. 38,855

EDWARD J. MYERS, *Petitioner*, v. ELLSWORTH EDWARDS, *Respondent*.

No. 38,856

FRANCIS W. BLAKE, *Petitioner*, v. ELLSWORTH EDWARDS, *Respondent*.

(246 P. 2d 313)

Opinion filed July 9, 1952.

*Arthur J. Stanley, Jr.,* of Kansas City, argued the cause and *J. D. Lysaught,* of Kansas City, was with him on the briefs for petitioner Ralph K. Frye; *Louis R. Gates,* of Kansas City, argued the cause and *Blake A. Williamson, Willard Phillips, Thomas C. Lysaught* and *Lee E. Weeks,* all of Kansas City, were with him on the briefs for petitioner Clark E. Tucker; *Thomas E. Joyce, S. M. Terbovich, Kenneth Ray* and *T. M. VanCleave, Jr.,* all of Kansas City, were on the briefs for petitioner Edward J. Myers; and *Joseph H. McDowell, David W. Carson* and *T. M. VanCleave,* all of Kansas City, were on the briefs for petitioner Francis W. Blake.

*Edward Rooney,* special assistant to the attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney gen-

eral, *Harold H. Harding*, county attorney, Wyandotte county, and *Donald A. Hardy*, assistant county attorney, Wyandotte county, were with him on the briefs for the respondent.

The opinion of the court was delivered by

SMITH, J.: These are habeas corpus proceedings. The petitioners were all indicted by a purported grand jury in Wyandotte county. The indictments were all returned and filed on June 6, 1952. Since the offenses with which the petitioners were charged have no bearing on these proceedings, they will not be stated.

Pursuant to a petition of taxpayers filed in accordance with G. S. 1949, 62-901, the district court of Wyandotte county ordered a grand jury to be summoned to attend the March, 1952, term of that court. This term commenced on the first Monday in March, or on March 3, 1952. It ended on the first Monday in June, or June 2, 1952. (See G. S. 1949, 20-1025.) On March 4, 1952, the district court empaneled the grand jury and it immediately commenced operations and continued to sit until May 31, 1952, which was actually the last working day of the March term, since the June term started the following Monday. On May 29, 1952, a special assistant attorney general and the foreman of the grand jury appeared before the district court of Wyandotte county and stated that a matter of extreme importance had arisen and in order that such phase of the investigation might be concluded the jury requested an extension of time within which to conclude its investigations and deliberations. This request was granted and an order was made by the district court, which purported to grant permission and authority to the grand jury to continue its investigations and deliberations to a time not later than June 6, 1952. No new oath was administered to the members of the grand jury at the beginning of the June term.

These indictments were returned on June 6, 1952, that is, at the end of the first week of the June term, and a week after the end of the March term.

Warrants for those indicted were duly issued and served. They thereupon brought these proceedings. They alleged in their petition that the pretended warrant upon which they were arrested was not issued upon any information or indictment filed or returned by any grand jury in accordance with the statutes; that the pretended warrant was issued on what purported to be an indictment filed on June 6, 1952, which indictment was without legal

force or effect because no petition for a grand jury to attend the June, 1952, term of the district court of Wyandotte county was presented to any judge and no such jury was summoned to attend and by reason thereof there was no lawful grand jury in attendance at the June, 1952, term of court and such purported indictments and warrants were void and the restraint of the petitioners was unlawful.

We ordered the petitioners released on bond and set the cases down for hearing on July 1, 1952. In his return respondent alleged the facts about as they have been set out here and stated that the indictments and warrants were legal and the petitioners were lawfully held in custody. There being no dispute about the facts as to the controversy with which we are concerned, the petitions were finally submitted on their merits on July 1, 1952.

That the grand jury was summoned and empaneled for the March term and that these indictments were returned a week after the end of that term all concede. Likewise all agree that the district court attempted to give the grand jury authority to stay in session or to continue its deliberations for a week after the end of the March term.

The question is whether the district court had power to issue such order so that the grand jury, pursuant to such an order, really continued to exist after the end of the March term.

This sends us first to a consideration of our present statute providing for grand juries. The statute is G. S. 1949, 62-901 to 933. We are concerned especially with G. S. 1949, 62-901 and 902.

G. S. 1949, 62-901, provides as follows:

"A grand jury shall hereafter be ordered drawn and summoned to attend at a term of the district court of any county only as hereinafter provided. In each organized county a grand jury shall be ordered drawn and summoned to attend at a term of the district court of any county when a petition praying for said grand jury, and signed by taxpayers of said county as herein provided, shall be presented to the judge of the district court of said county at least forty days before the commencement of the term of court at which such grand jury may be desired by said petitioners. The number of the taxpayers of the county wherein a grand jury is desired who must sign a petition praying for such grand jury is hereby fixed as follows: In a county having a population of less than five thousand, the number must be at least one hundred; in a county having a population of five thousand or more and less than ten thousand, the number must be at least two hundred; and in a county having a population of ten thousand or more, and less than fifty thousand, the number must be at least four hundred; in a county having a population of fifty thousand, or over, the number must be at least seven hundred. For the purpose of this act, the population of any county

shall be determined by the enumeration made by the township and city assessors of such county during the year next preceding the year when such petition for a grand jury may be presented."

G. S. 1949, 62-902, provides as follows:

"Upon the presentation to the district judge of the proper county of a petition praying for a grand jury, as provided in this act, said judge shall order a grand jury to be drawn and summoned in the same manner as petit jurors for the district court, to attend at the term of court for which said grand jury is desired by the petitioners."

It will be noted the statute provides a grand jury shall be drawn to "attend at a term" "only as hereinafter provided"; that it shall be ordered to "attend at a term." Then follows the provision about a petition signed by taxpayers and a provision that the petition shall be filed forty days before the "commencement of the term."

G. S. 1949, 62-902, provides for the issuance of the order for a grand jury "to attend the term of court" "for which the grand jury is desired by the petitioners." The remaining sections are of no interest to us here. It seems clear the legislature intended a grand jury to sit and be in existence only during the term for which it was called and then only upon the presentation of the required number of signatures.

This conclusion is fortified by an examination of the legislative history of these two sections. Our legislature by chapter 82 of the General Statutes of 1868 enacted a code of criminal procedure. It provided for the first time that prosecutions might be begun by information. (See G. S. 1868, section 66, chapter 82.) Theretofore prosecutions had been begun by indictment by a grand jury. (See G. S. 1859, section 88, chapter 27.) As a corollary of this we find in the chapter on grand juries in G. S. 1868 section 73 as follows:

"Grand juries shall not hereafter be drawn, summoned or required to attend the sittings of any court in any county in this state, unless ordered by the court."

It seems clear the legislature deemed generally that after the passage of chapter 82, Laws of 1868, prosecutions should be by means of information, which do not require the services of a grand jury.

It will be noted section 73, Laws of 1868, as originally enacted, placed summons of a grand jury in the discretion of the district court with no grand jury absolutely required. This was a departure from what had been the law and was somewhat similar to the law in some states now. The section was amended in 1887 by

the enactment of section 1, chapter 167. That provided for a grand jury as a matter of course for two terms each year in the district court of every organized county. It also provided for the summoning of a grand jury upon the presentation of a petition signed by two hundred taxpayers. This enactment did away with the discretion lodged in the district court by section 73.

The section was again amended by chapter 153, section 1, of the Laws of 1889. That section provided for the calling of a grand jury upon presentation of a petition but conferred on the district court the power to refuse to summon it if he deemed it was not necessary.

By the enactment of section 1 of chapter 235 of the Laws of 1901 the legislature provided the grand jury should be summoned "only as hereinafter provided"; then proceeded to provide for the signatures on a petition and the filing of a petition somewhat as we have it now. Section 2 of the act is the same as G. S. 1949, 62-902, which has already been quoted in this opinion, that is, it provided for a grand jury to be ordered to attend at the term of court for which it was desired by the petitioner.

In 1935 section 1 of chapter 227 was enacted. It is the same as our present G. S. 1949, 62-901. All of these amendments are set out in this opinion to emphasize the fact that from 1901 on any discretion in calling a grand jury was taken away from district judges and they were directed to call a grand jury only upon the presentation of a petition. It was made plain that the grand jury was only to be called for a particular term. The authorities are all to the same effect. The rule is stated in 38 C. J. S., p. 1023, as follows:

"In the absence of statutory authority it has been held that a grand jury may not be retained or continued beyond the term for which it was summoned."

The common law is in force in this state unless abrogated by statute. (See *Fergus v. Tomlinson,* 126 Kan. 427, 268 Pac. 849.) All authorities agree that under the common law a grand jury was called for a term only and existed only during that term. (See *The People v. Brautigan,* 310 Ill. 472, 142 N. E. 208.) There the court held:

"At common law the existence of the grand jury ceased with the term of the court, and no statute has changed this rule or authorized any court to continue a grand jury beyond the adjournment of the term."

(See, also, *Richerson v. State,* 26 Ala. App. 470, 162 So. 411; *State*

*v. Davis,* 107 N. J. L. 199, 152 A. 782; and *State v. Brown,* 195 Mo. App. 590, 194 S. W. 1069.)

Our legislature while at one time conferring some discretionary power on district courts as to calling grand juries has for fifty years definitely provided that a grand jury may be called only on presentation of a petition. There is no other way in which a grand jury may come into existence. From the beginning of statehood there has never been any provision affecting in any manner the common-law rule that a grand jury exists for the term only at which it was called pursuant to the petitions. In no authority has it been held that district courts have power to hold a grand jury beyond the end of the term. There is no such provision in any of our statutes.

Respondent argues and cites some authorities holding that grand juries holding over after the end of a term are *"de facto"* grand juries. We have examined these authorities and find that the statute in those states conferred some discretionary power on district courts. No such discretionary power is conferred on district courts by our statute.

At the oral presentation an argument was made that there was an analogy between such a case as this involving a grand jury which acted after the term had ended and a petit jury before which a trial is being conducted at the end of a term. The trouble with that argument is the statute provides that in the case of a trial being conducted before a petit jury, at the end of a term, the trial court may declare an emergency and continue the trial beyond the term. (See G. S. 1949, 62-1450.) The legislature has conferred no such power on district courts with reference to grand juries.

It follows this grand jury ceased to have any valid existence after the end of the March term. The order of the district court purporting to confer power on it to continue deliberation after the end of the term was made without authority or power to make such an order and was ineffective to confer any power whatever on the grand jury. The indictments returned on June 6, 1952, during the June term, and after the end of the March term were void and warrants for the arrest of these petitioners issued pursuant to those indictments were of no force. What has been said here must not be construed as having any bearing whatever on any indictments returned by this grand jury during the March term.

The writs are allowed.