PEOPLE *v.* MORGAN.

1. Criminal Law—Grand Jury—Validity of Indictment.

Though the statute (3 Comp. Laws, § 11885) contemplates that a grand jury will complete its work during the term to which it is summoned, yet, when it is continued into the next term, and is recognized by the court as a valid jury in receiving its indictments, it is a *de facto* grand jury, and its indictments are not void.

2. Same—Motion to Quash—Challenge to Array.

An indictment of a *de facto* grand jury, not being void, cannot be set aside on motion to quash or by challenge to the array. 3 Comp. Laws, § 11882.

Exceptions before judgment from Berrien; Coolidge, J. Submitted June 12, 1903. (Docket No. 155.) Decided June 23, 1903.

Orlando Morgan was convicted of violating the liquor law. Affirmed.

*O'Hara & O'Hara*, for appellant.

*Charles A. Blair*, Attorney General, and *I. W. Riford*, Prosecuting Attorney, for the people.

Montgomery, J. The sole question presented in this case is whether an indictment returned by a grand jury which was summoned for and sworn at one term of court, and continued its work into the next, and was recognized by the court as a valid jury in receiving the indictment in question, should be vacated and set aside on the ground that the grand jury is *functus officio* at the end of the term for which it is chosen.

That the statute contemplates that the work of the grand jury will be done during the term to which it is summoned is apparent. 3 Comp. Laws, § 11885. Does it follow that, when the jury has in fact been continued into the next

term, its proceedings are void? This question was considered by the supreme court of Wisconsin in *State* v. *Noyes,* 87 Wis. 340 (58 N. W. 386, 27 L. R. A. 776, 41 Am. St. Rep. 45), and the conclusion reached that the *de facto* doctrine applies to the acts of a grand jury, and it was so applied in a case precisely analogous to the present. We quote from the language of Chief Justice Orton:

"It is contended that this body became *functus officio* as a grand jury on and after the last day of the September term. It was recognized by the court as a lawful grand jury, and the court received the indictments found by it, and finally discharged it from further service and ordered the payment of its fees. The legal grand jury of the September term simply held over its term. There cannot be a more appropriate application of the *de facto* doctrine than to such a body as a grand jury *de facto* while thus holding over and doing business in the October term of the court."

It is truly said by respondent's counsel that the question there arose collaterally, but it will be noted that the court deemed it necessary to determine whether the acts of such a body were valid, and decided that question in the affirmative. In that opinion we concur, and have so announced in *People* v. *Reigel,* 120 Mich. 78 (78 N. W. 1017).

The acts of this jury not being void, may they be set aside on a motion to quash, or by challenge to the array? This question is answered in the negative by 3 Comp. Laws, § 11882, and the prior decisions of this court. See cases collated in *People* v. *Reigel, supra;* and see, also, *People* v. *Thompson,* 122 Mich. 415 (81 N. W. 344).

The conviction is affirmed, and the circuit court directed to proceed to judgment.

The other Justices concurred.