THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL McCAULEY, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. CRIMINAL LAW—*circuit courts are courts of general and original criminal jurisdiction.* Circuit courts are courts of general and original criminal jurisdiction, and it is not necessary, to sustain their jurisdiction, that the evidence upon which their jurisdiction is based should be preserved and recited in the record, as is required in case of courts of limited and inferior jurisdiction.

2. SAME—*when it will be presumed that "special occasion" existed for recalling grand jury.* Where the question is not raised by motion to quash or by a challenge to the array in the circuit court, it will be presumed, in support of a judgment of conviction, that the "special occasion" mentioned in the statute as authorizing the recalling of a grand jury existed, unless the contrary affirmatively appears on the face of the record.

3. SAME—*circuit court determines whether a special occasion exists for recalling grand jury.* There is nothing in the statute specifying what shall be such a special occasion as will authorize the recalling of a grand jury previously discharged subject to recall, but it is left to the discretion of the court to determine when and for what purpose the grand jury shall be recalled.

4. SAME—*grand jury is a necessary part of a court of general criminal jurisdiction.* The grand jury, particularly in jurisdictions where crimes above the grade of misdemeanor can only be prosecuted by indictment, is a necessary, constituent part of every court having general criminal jurisdiction, and must necessarily be to a large extent under the control and subject to the direction of the court.

5. SAME—*paragraph 405 of Criminal Code is not a limitation upon power to recall grand jury.* The purpose of paragraph 405 of the Criminal Code is to authorize the court to re-assemble a grand jury previously discharged during the term, and is not a limitation upon the power and jurisdiction of the circuit court in respect to the duties that may be lawfully performed by a grand jury after it has been recalled.

6. SAME—*power of a recalled grand jury is not limited to any special purpose.* After a grand jury, which has been previously discharged during the term, is recalled by the court upon a showing that a special occasion exists, its power is not limited to any special purpose, but it may investigate and make presentments upon any matter that may be given into its charge.

7. SAME—*grand jury not presumed to have acted upon matters not properly before it.* In the absence of any showing in the record to the contrary, it will not be presumed, upon writ of error to reverse a judgment of conviction, that the grand jury considered and acted upon matters not properly before it.

8. SAME—*when acts of a grand jury cannot be set aside upon writ of error.* Where a grand jury which has been previously discharged is re-assembled by the court during the term, it is, in any view, at least a grand jury *de facto,* and its acts cannot be set aside upon writ of error in the absence of a motion to quash the indictment or a challenge to the array in the trial court.

9. SAME—*when an irregularity in constitution of grand jury is waived.* An irregularity in the constitution of the grand jury is waived unless the defendant raises the question by challenge to the array or by a motion to quash the indictment on the ground that it was not found by a legally constituted grand jury.

10. SAME—*a re-assembled grand jury need not be re-sworn.* Where the same grand jury which has been discharged is re-assembled by the court to discharge some additional duties during the same term at which it has been duly empaneled and sworn, it is not necessary that it be again empaneled and sworn.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. HENRY B. WILLIS, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, CHARLES W. HADLEY, State's Attorney, and JOEL C. FITCH, for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a writ of error to the circuit court of DuPage county, and brings up a judgment against Daniel McCauley wherein he was adjudged guilty of murder and sentenced to imprisonment in the penitentiary at Joliet for and during his natural life.

The record before us shows the following situation: On the second day of October, 1905, the regular grand jury for the October term of said court was organized and proceeded to the discharge of its duties. On the fourth day of said month the grand jury was discharged by the court. The order discharging the grand jury is as follows: "And now it appearing to the court that the grand jury has completed its business, it is ordered that they be discharged from further service unless recalled." On November 13 following, the October term of court still being in session, upon a proper showing made by the State's attorney, the court entered an order recalling the grand jury to assemble on the 20th day of November. When the grand jury was first empaneled J. C. Woods was appointed foreman and he and the jurors were duly sworn and instructed by the court. The order recalling the grand jury is as follows: "Now on this day comes H. H. Goodrich, State's attorney of said county, and moves the court that the grand jury heretofore empaneled in this court at this term thereof be recalled; and the said motion coming on for hearing before the court, and it appearing to the court that special occasion has arisen since the dismissal thereof on October 4, 1905, requiring that said grand jury be recalled, it is therefore ordered by the court that the grand jury heretofore empaneled at this term of court be and the same are hereby recalled to assemble at the court house, in the city of Wheaton, in said county, on Monday, the 20th day of November, A. D. 1905, at ten o'clock A. M., and it is further ordered that the clerk of this court

notify each of said grand jurors of said recall and of the time and place." It further appears that on November 20, being one of the days of the October term of court, the grand jury re-appeared and was placed in charge of a sworn officer and retired for the purpose of transacting such further business as might be brought before it, and afterwards returned, among others, the indictment against plaintiff in error, charging him with murder. The record shows that plaintiff in error was arraigned on November 24 and entered a plea of not guilty. The cause was then continued until the March term of court. On March 5 it appears that plaintiff in error withdrew his plea of not guilty and entered his plea of guilty, and that he persisted in such plea after being duly admonished by the court of the effect and consequence thereof. On the 8th of March the plaintiff in error was sentenced, on his plea of guilty, to the penitentiary for life. Plaintiff in error now seeks a reversal of this judgment upon two grounds: First, it is contended that the court had no power to recall the grand jury for the consideration of general business after it had been discharged; and second, it is contended that even if the grand jurors were properly recalled after having been discharged it was necessary to re-swear them.

Plaintiff in error contends that paragraph 405, division 11, of the Criminal Code, which provides that if the grand jurors are dismissed before the court adjourns they may be summoned again on any special occasion at such time as the court directs, limits the power of the court to recall the grand jury only for some special purpose, and that indictments returned not embraced within the special purpose for which the grand jury was recalled would be wholly void for the want of power in the grand jury to return them. This contention cannot be sustained. Even if the plaintiff in error's view as to the construction to be placed on the statute be correct, still where, as in this case, the question was not raised by motion to quash or by chal-

lenge to the array in the court below, it would be presumed, in support of the judgment, that the "special occasion" existed authorizing the recall of the grand jury unless the contrary affirmatively appeared on the face of the record. (*White* v. *People,* 81 Ill. 333.)   Circuit courts are courts of general and original criminal jurisdiction, and it is not necessary to sustain their jurisdiction that the evidence upon which their jurisdiction is based should be preserved and recited in the record, as is required in case of courts of inferior and limited jurisdiction.   There is no enumeration in the statute of the "special occasion" the existence of which would justify the recalling of a grand jury previously discharged.   Clearly it was left to the discretion of the circuit court to determine when and for what purposes the grand jury should be recalled, but we do not agree with the plaintiff in error that paragraph 405 of the Criminal Code is a limitation upon the power and jurisdiction of the circuit court in respect to the duties that may lawfully be performed by a grand jury after it has been recalled into court.   The grand jury is a necessary constituent part of every court having general criminal jurisdiction, especially in jurisdictions like ours, where crimes above the grade of misdemeanors can only be prosecuted upon the presentment of a grand jury.   (*Boone* v. *People,* 148 Ill. 440.)   The grand jury must necessarily, like other agencies provided to enable the court to administer justice and enforce the law, be to a large extent under the control and subject to the direction of the court.   (20 Cyc. 1294.)   If we had no statute providing for the calling and empaneling of a grand jury, clearly circuit courts in this State could assemble and organize a grand jury, under their general common law powers, during any regular term when in their discretion they deemed it necessary to do so. (20 Cyc. 1295, and cases there cited.)   The court had the power to call a special grand jury, if necessary, and this power existed independently of the statute.   The only pur-

pose that seems to be accomplished by paragraph 405 of
the Criminal Code is to authorize the court to re-assemble
a grand jury that had previously been discharged during
the same term of court. There is nothing in the statute
that suggests to our minds that the grand jury, when thus
lawfully re-assembled, would not have the power to in-
vestigate and make presentments upon any matter which
might be given in its charge.

Again, the order recalling the grand jury recites that
it was upon good and sufficient cause shown by the State's
attorney. There is no bill of exceptions containing the
showing made by the State's attorney, and for aught that
appears to the contrary the consideration of the charge
against plaintiff in error may have been among the "spe-
cial matters" for which the grand jury was re-assembled.
In the absence of any showing to the contrary it will not
be presumed that the grand jury considered and acted upon
matters not properly before it. But aside from this, we
think, both upon reason and authority, that the grand jury,
when re-assembled, was at least a *de facto* grand jury, and
that its acts cannot be set aside by a writ of error, in the
absence of a motion to quash the indictment or a challenge
to the array in the trial court.

*State* v. *Noyes,* 87 Wis. 340, (58 N. W. Rep. 386;
27 L. R. A. 776; 41 Am. St. 45;) presented the follow-
ing situation: A grand jury was regularly summoned and
attended at the September term of the circuit court of Mil-
waukee county. Said September term of court was con-
tinued, by adjournment, over to the second day of October,
1893, which was the first day of the October term. There
was no grand jury ordered for the October term. The
grand jury that had been in attendance at the September
term was continued over during the October term and re-
ported to said October term a number of indictments, which
were received and recognized by the court as valid indict-
ments. On these indictments warrants were issued upon

which arrests were made, and the parties accused sued out a writ of *habeas corpus* on the ground that the grand jury had no power to return bills at the October term of court. It was contended in that case that the grand jury in attendance upon the September term of court became *functus officio* with the adjournment of the September term. The Supreme Court of Wisconsin held that the grand jury was a *de facto* grand jury for the October term, and reversed the judgment of the court below discharging the petitioners and remanded the cause, with directions that they be remanded to the custody of the sheriff. In discussing that case the Supreme Court, speaking by Chief Justice Orton, said: "The *de facto* doctrine, which was introduced into the law as a matter of policy and necessity to protect the interests of the public where those interests were involved in the official acts of persons exercising the duties of an officer without being a lawful officer, has its most salutary application to the acts of a grand jury, and of other official instruments of the courts which constitute judicial proceedings. The courts are supposed to select and determine the qualifications of their subordinate official instruments necessary to the administration of justice. Their acts cannot be questioned without seriously affecting the proceedings of the courts and the conclusiveness of their judgments. The grand jury in question was summoned, selected, empaneled and sworn for the September term of the court and held its session and did business during that term. There is no question but that it was a legal grand jury throughout the September term. On the last day of that term this same body adjourned, with the court, to the first day of the October term and continued its unfinished business. It is contended that this body became *functus officio* as a grand jury on and after the last day of the September term. It was recognized by the court as a lawful grand jury, and the court received the indictments found by it, and finally discharged it from further service

and ordered the payment of its fees. The legal grand jury of the September term simply held over its term. There cannot be a more appropriate application of the *de facto* doctrine than to such a body as a grand jury *de facto* while thus holding over and doing business in the October term of the court."

In the case from which the above quotation is made a grand jury selected and sworn at one term acted as the grand jury for the next succeeding term without being empaneled or sworn for the succeeding term, and indictments returned by it at said succeeding term were held not open to collateral attack. In *People* v. *Morgan,* 133 Mich. 550, (95 N. W. Rep. 542,) the doctrine of the Wisconsin case was approved under a similar state of facts, and that court extended the doctrine and held that under the statutes of Michigan an indictment found by a *de facto* grand jury could not be questioned by a motion to quash or by a challenge to the array.

There is still another reason why plaintiff in error's first point cannot be sustained. It is settled by the many authorities in this State and elsewhere that an irregularity in the constitution of the grand jury is waived unless the defendant raises the question by challenge to the array or by motion to quash the indictment on the ground that it was not found by a grand jury legally constituted. (*Stone* v. *People,* 2 Scam. 326; *Williams* v. *People,* 54 Ill. 422; *Barron* v. *People,* 73 id. 256; *Hagenow* v. *People,* 188 id. 545; *Berkenfield* v. *People,* 191 id. 272; *Bruen* v. *People,* 206 id. 417; *Marsh* v. *People,* 226 id. 464; *People* v. *Donaldson,* 255 id. 19.) While we do not think the first point made by the plaintiff in error could have been sustained even if it had been raised by a motion to quash the indictment or by a challenge to the array of the grand jury, clearly under all of the authorities a failure to thus raise the question is a waiver of the objection, and it cannot be raised for the first time on a writ of error.

Plaintiff in error's second point is that the record fails to show that the grand jury was re-sworn when it was recalled. This was not necessary. The grand jury was simply called back to discharge some additional duties during the sitting of the same term of court at which it had been duly empaneled and sworn. When it was recalled by order of the court its subsequent action was under the oath that had been administered in the first instance. The form of the oath prescribed by the legislature in section 18 of chapter 78 of Hurd's Statutes of 1911 is broad enough to cover all of the service that may be rendered by the grand jury during the term of court for which it is drawn. The oath requires that the grand jury shall "diligently inquire into and true presentment make of all such matters and things as shall be given you in charge, or shall otherwise come to your knowledge, touching the present service." The "present service" evidently refers to and means all of the services that may be lawfully required of the grand jury during its existence as an organized body. Neither party has cited any authority upon this branch of the case, and we have been able to find but one case which seems to apply to this question. In *Gay* v. *State,* 40 Texas Crim. 242, the criminal division of the Supreme Court of Texas held, under a provision of the Criminal Code of that State authorizing the re-assembling of a grand jury after it had been discharged for the term and the completion of the panel by empaneling other persons in case any members failed to re-assemble, that upon the re-assembling of the grand jury where there were no new members required it was not necessary to re-empanel and re-swear it. We think the rule laid down by this authority is sound.

Finding no error in the record before us the judgment of the circuit court of DuPage county is affirmed.

*Judgment affirmed.*