### UNITED STATES v. ROCKEFELLER et al.

(District Court, S. D. New York. November 30, 1914.)

1. CRIMINAL LAW ⊕280 — PLEAS IN ABATEMENT — REQUISITES AND SUFFICIENCY.

The averments and allegations of a plea in abatement must be made with strict and exact accuracy.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ⊕280.]

2. GRAND JURY ⊕8—SELECTION OF JURORS—AUTHORITY OF "DEPUTY" CLERK.

Congress having authorized the appointment of deputy clerks of the District Courts, without specifically defining or prescribing their duties, it must be assumed that it was intended that the word "deputy" should have its ordinary and usual meaning, as a person to whom the duties of the clerk are deputed, and the deputy clerk, in the event that the clerk is incapacitated, absent, sick, or disabled, and cannot perform the duties which the law imposes upon him, may act, and therefore it did not affect the validity of an indictment that the names were placed in the jury box from which grand jurors were drawn by the deputy clerk, and not by the clerk, especially in view of the practice prevailing in a number of districts of having the deputy clerk draw the jury and place the names in the box.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 16–20; Dec. Dig. ⊕8.

For other definitions, see Words and Phrases, First and Second Series. Deputy.]

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. JURY ⟪59—JURY COMMISSIONERS—STATUTORY PROVISIONS.**

More than one jury commissioner may be appointed in a district, the statute imposing no limitations in that regard.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 268–272; Dec. Dig. ⟪59.]

**4. CRIMINAL LAW ⟪280—PLEAS IN ABATEMENT—REQUISITES AND SUFFICIENCY.**

Even though a deputy clerk of the District Court had no authority to place the names in the jury box from which grand jurors were drawn, a plea in abatement, which merely alleged that he placed certain names in the box, without alleging that any of the grand jurors who were drawn, and acted and returned the indictment, were jurors whose names were placed in the box by the deputy clerk, was insufficient, as it was not sufficient to say that the defendants did not know whether or not any name placed in the box by the deputy clerk was drawn.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645–651; Dec. Dig. ⟪280.]

**5. GRAND JURY ⟪30—TERM OF SERVICE—STATUTORY PROVISIONS—"CASE"—"CAUSE."**

Under Judicial Code (Act March 3, 1911, c. 231, § 8, 36 Stat. 1088 [Comp. St. 1913, § 975]), providing that, when the trial or hearing of any cause civil or criminal in a District Court has been commenced and is in progress before a jury or the court, it shall not be stayed or discontinued by the arrival of the time fixed by law for another session of such court, but that the court may proceed therein and bring it to a conclusion in the same manner and with the same effect as if another stated term of court had not intervened, and section 284, providing that the District Court may in term time order a grand jury to be summoned at such time and to serve such time as it may direct, whenever it may be proper to do so, a grand jury impaneled at the September term could, by order of the court, be authorized to sit until the end of the October term; a proceeding before a grand jury being a "case," or "cause," within section 8.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 68; Dec. Dig. ⟪30.

For other definitions, see Words and Phrases, First and Second Series, Case; Cause.]

**6. GRAND JURY ⟪38—EFFECT OF PRESENCE OF STENOGRAPHER.**

An indictment was not invalidated by the presence in the grand jury room of a stenographer by direction of the district attorney, pursuant to appointment by the Attorney General as clerk and assistant to the district attorney, though he was not an attorney at law, and was not an assistant district attorney.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 81; Dec. Dig. ⟪38.]

William Rockefeller and others were indicted for offenses, and they file pleas in abatement. Demurrers to the pleas sustained, and pleas overruled.

The defendants have each filed three pleas in abatement, numbered by them, respectively, 1, 2, and 3.

Plea No. 1 sets forth that divers names, upwards of 100, were placed in the box, from which was drawn the grand jury panel, by one Tallman, who, it is averred, was not the clerk at the time he so placed said names in the box. It further avers that one Alexander Gilchrist was clerk, though this averment does not state that he was clerk at that time, nor does the plea state who Tallman was. On the argument, however, it was conceded that he was a deputy clerk. The plea does not claim that any juror who served on the

⟪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

grand jury was one whose name had been placed in the box by Tallman. It avers that this fact "tended to the injury and prejudice" of the defendants.

Plea No. 2 avers that the grand jury was without power, because it was impaneled at the September term, and sat until the end of the October term without any warrant. An order of the court had in fact been duly entered authorizing it to sit over the end of the September term and into the October term, and on the argument the authority of the court to make this order was questioned.

Plea No. 3 avers that a stenographer, who was not an attorney, was present during the taking of testimony before the grand jury. It sets forth that he was present by direction of the district attorney, pursuant to an appointment by the Attorney General, as clerk and assistant to the district attorney.

The pleas conclude with prayers in one or the other of the followings forms:

"Wherefore the said [respondent] prays judgment of the said indictment whether the United States of America ought or can prosecute him for the premises, or call upon him to answer the same, and that he may be discharged thereof without day."

"Wherefore the said [respondent] prays judgment of the said indictment whether the United States of America ought or can prosecute him for the premises, and that he may be discharged thereof without day."

To these pleas the government interposed demurrers, attacking both their form and substance. The government contended that all of the pleas were fatally defective in form, because the prayers were in bar, instead of in abatement.

Frank M. Swacker, Sp. Asst. Atty. Gen., of Washington, D. C., and Robert P. Stephenson, Asst. U. S. Atty., for the United States.

Nicoll, Anable & Lindsay, J. D. Lindsay, Hornblower, Miller & Potter, W. M. Miller, Simpson, Thatcher & Bartlett, A. B. Thatcher, Sullivan & Cromwell, and Clarke M. Rosecrantz, all of New York City, Richard V. Lindabury, of Newark, N. J., and Alton B. Parker, Spooner & Cotton, and John C. Spooner, all of New York City, for defendants.

SESSIONS, District Judge (after stating the facts as above). At the outset I may say that I have scant patience with any person who advocates a disregard of the great principles and precedents which have been established through many years of experience, are the result of the combined wisdom of many generations of men, and stand for the safeguarding and protection of the rights and liberties of the people. On the other hand, I have little more patience with mere technicalities, and with such narrow constructions of laws relating to procedure that the following of such constructions tends more to the obstruction of justice than to the furtherance of its ends and purposes.

I do not care to pass upon some of the contentions that are made by counsel, and I say that without regard to the merits or want of merits of such contentions, because I believe that the decision of these matters can be placed upon broader and better grounds than some of those which have been urged. Among such contentions is the one that these pleas in abatement are insufficient, in that the conclusions or prayers are in bar, instead of in abatement. Another is that the averments in the pleas of want of knowledge and information as to the presentment of the indictment, its allegations, and the regularity of the proceedings in summoning and drawing the grand jurors who presented the indictment, follow the tenders of issue, and therefore are mere surplusage, adding nothing to the pleas.

[1-3] Coming, then, to the specific and substantial questions presented by the pleas:

First, as to plea in abatement No. 1: It is here claimed that the indictment is invalid and insufficient, and ought to be quashed, because it was not returned and presented by a legally constituted grand jury, in that a person who was not authorized so to do placed some of the names in the jury box from which the grand jurors were drawn, and the clerk of this court, upon whom that duty is imposed by statute, did not act. It is true that the averments and allegations of a plea in abatement must be made with strict and exact accuracy. This requirement is not technical, or at least, if it is technical, it is meeting one technicality with another. In cases where the only injury alleged is such as may follow from a failure to observe technical requirements of the law, strict accuracy ought to be required. I do not think this plea in abatement can be sustained for two reasons:

First, I am unwilling to subscribe to the doctrine that a deputy clerk may not act under any circumstances in the placing of names in the jury lists or in the jury box. Congress, in its wisdom, has seen fit to authorize the appointment of deputy clerks. With some exceptions, the duties of deputy clerks are not specifically defined or prescribed. It must be assumed that Congress intended that the word "deputy" should have its ordinary and usual meaning, and thus that the deputy clerk, under certain conditions, may act in the place of the clerk. He is a person to whom the duties of the clerk are deputed. That is the ordinary and natural meaning of the word. And in the event that the clerk of the court is incapacitated, absent, sick, or disabled, and cannot perform the duty which the law imposes upon him, I believe that the deputy clerk may act. It is true that Congress has seen fit, for purposes with which we are all acquainted, historically at least, to provide that the commissioner who is appointed by the judge must be of an opposite political faith to the clerk. It is also true, and is a matter of which I think the court may take judicial notice, that in many districts where court is held in different places in the district, and where the law provides that a deputy clerk shall be appointed, with his residence and office at a place different from that of the clerk, the deputy clerk does draw the jury, and does place the names in the box from which the jurors are drawn. This practice prevails in a number of districts, and the validity of the procedure has never, so far as I know, been questioned. To my mind, such practice accords with the spirit and the letter of the law. It is but fair to say that in those instances a jury commissioner is appointed who is of the opposite political faith to the deputy clerk, and thereby the requirements of the statute are satisfied. There is no reason why more than one jury commissioner may not be appointed. The statutes impose no limitations in that regard. There is no allegation in this plea in abatement that Mr. Tallman, who it is conceded was a deputy clerk at the time, and the commissioner, were not members of different political parties.

[4] The second reason why plea in abatement No. 1 cannot be sustained is this: It is alleged that Mr. Tallman placed in the box certain

221 F.—30

names, and I think fairly alleged that those names were in the box at the time this grand jury was drawn. It is not alleged that all the names in the box were placed there either by the commissioner or by this deputy clerk. In fact, the fair inference is to the contrary. There is no allegation in this plea that any one of the grand jurors who were drawn, and acted, and returned this indictment, was one of the jurors whose name had been placed in the box by Mr. Tallman. It is not sufficient to say that the defendants in this case do not know whether or not any name placed in the box by Mr. Tallman was drawn. The averments of the plea must be made with certainty, accuracy, and completeness.

Upon these two grounds, without considering the other questions that have been raised, or the other objections that have been urged, the demurrer to this plea should be sustained, and the plea in abatement overruled.

[5] The second plea in abatement is without merit. The plea utterly ignores an order of this court which was fully justified and expressly authorized by the provisions of the Judicial Code. Sections 8 and 284. The federal courts have decided that a proceeding before a grand jury is a "case" or "cause." In and by section 284 of the Judicial Code, Congress has provided that the—

"court may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever, in its judgment, it may be proper to do so."

The apparent purpose of this legislation was to provide a way in which a grand jury, with the permission of the court, may complete and conclude any investigation which it has actually commenced. In a district like this one, having monthly terms of court, it must frequently happen that a grand jury will not be able to conclude its work upon a long and complicated case before the expiration of one term and the commencement of another. If, under such circumstances, a grand jury cannot be permitted to finish its labors, there will follow much unnecessary expense, many unfortunate delays, frequent and severe hardships for the accused, and, sometimes, a complete failure of justice. The statute plainly provides a sure and simple means of avoiding these and other serious consequences.

[6] The third plea in abatement presents somewhat more serious difficulties. I cannot agree with counsel for the defendants in what may be termed a prophecy that the courts and Congress will soon decide and determine that stenographers shall not be permitted in the grand jury room, except under severe restrictions and with enlarged privileges to the accused. In my judgment, without indulging in prophecy, a contrary result would follow such statutory limitations and restrictions. It seems to me that, if the testimony given before the grand jury may not, under any circumstances or conditions, be made a matter of record and reference, we are opening the doors very wide, and inviting not only perjured and incompetent testimony, but even gossip and conjecture, before the grand jury. The proceedings there are not in strict accord with the proceedings in the trial of a case, and, if no safeguards are provided, many witnesses may be

influenced or persuaded or induced to indulge in statements and accusations which ought not to be permitted or tolerated.

But we do not need to indulge in speculation in that regard. More than 50 years ago, in 1852, Mr. Justice Nelson, in this circuit, when the question was squarely presented to him, held that the presence of an assistant and clerk to the district attorney did not vitiate an indictment returned by the grand jury, whose sessions he attended. United States v. Reed, 27 Fed. Cas. 727–734. That decision went unchallenged for very many years. In 1891, more than 23 years ago, a judge of this court, again passing upon the exact question which is here presented, affirmed the ruling in the earlier case. United States v. Simmons (C. C.) 46 Fed. 65. The rule of law thus announced has been accepted and acted upon in this district from that time to the present. In two later cases in this district the rule of law announced in the earlier decisions, has been at least impliedly sanctioned and affirmed; Judge Hough specifically, although obiter, holding that the presence of a stenographer in the grand jury room during the proceedings did not invalidate an indictment. United States v. Heinze (C. C.) 177 Fed. 770–772; United States v. Rosenthal (C. C.) 121 Fed. 862.

I would not think the question a particularly difficult or doubtful one, were it not for a very recent decision by an able and cautious District Judge of this circuit, presiding in another district. United States v. Rubin (D. C.) 218 Fed. 245. A careful examination of the opinion and decision in that case shows that the contention there made for sustaining the indictment was that the presence of the stenographer in the grand jury room was authorized by the 1906 act of Congress. In my judgment, the statute of 1906 has nothing to do with, and has no application to, the question presented by this plea.

The language of the plea is somewhat vague and uncertain, but I cannot agree with counsel that it fairly avers that the sole authority for the presence of the stenographer in the grand jury room was derived from the letter of appointment of the Attorney General. The plea, in so many words, states that the stenographer was present under the direction of the district attorney. He was a clerk and assistant to the district attorney, although not an attorney at law, and not an assistant district attorney. The district attorney can have no clerical assistance save such as is authorized by the Attorney General, and his clerical assistants cannot be compensated, except under the authority and with the approval of the Attorney General. The prohibition against the presence of outsiders in the grand jury room during the taking of testimony arises by reason of the requirement of secrecy concerning the proceedings, and not from legislative enactment. In the instant case, the required oath of office was taken and filed by the clerk and assistant, who acted as stenographer, and the secrecy of the proceedings of the grand jury was thereby preserved.

The demurrers to the pleas will be sustained, and the pleas will be overruled.