## ELWELL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 11, 1921. Rehearing Denied June 16, 1921.)

No. 2829.

1. Grand jury ⬅️31—May be continued beyond term at which summoned.

A grand jury may be continued beyond the term at which it was summoned by an order of court as authorized by Judicial Code, § 284 (Comp. St. § 1261), to complete unfinished business before it, and when so continued retains its power to call and examine witnesses.

2. Witnesses ⬅️305—Privilege against self-incrimination is personal to witness.

The privilege against self-incrimination given by the Fifth Amendment to the Constitution is personal to the witness and cannot be invoked in favor of another person, or of a corporation of which the witness is an officer or employee.

3. Witnesses ⬅️308—Whether testimony would tend to incriminate witness is question for court.

A witness is not entitled to determine for himself that his answer to a question propounded would tend to incriminate him, but the court must see, from the circumstances of the case and the nature of the evidence he is called on to give, that there is reasonable ground to apprehend danger to him from his answer.

On Petition for Rehearing.

4. Grand jury ⬅️36—Willful refusal to obey order to answer questions held contempt.

An order adjudging a witness before a grand jury guilty of contempt for refusal to obey an order to answer certain questions affirmed, where it appeared from the record that the witness fully understood that the court had ruled that the questions were proper, pertinent, and material, and that his refusal to obey the order was willful and deliberate.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding for contempt by the United States against Hector H. Elwell. From an order adjudging respondent guilty of contempt, he brings error. Affirmed.

Roy D. Keehn, of Chicago, Ill. (Charles Center Case and Edward G. Woods, both of Chicago, Ill., of counsel), for plaintiff in error.

Rex Mackenzie, of Chicago, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a writ of error prosecuted to reverse an order of the United States District Court for the Northern District of Illinois, Eastern Division, adjudging the plaintiff in error (herein called plaintiff) guilty of contempt of court.

Because of the publication in the Chicago Evening American on January 26, 1920, of alleged facts said to have been gathered for presentation to, and touching a matter then pending before, a grand jury duly impaneled at the December, 1919, term of the said court, the grand jury was inquiring into the origin of such publication. In response to a subpoena, plaintiff, on February 3, 1920, appeared before the grand

jury, and, being interrogated, said he knew who wrote the article in question, but refused to divulge the name, saying:

"If newspapers do not protect people who furnish them news, it would be impossible for them to get news."

Pursuant to petition by the grand jury, setting up such refusal to answer, plaintiff was ordered by the District Court to appear and show cause why he should not be required to answer the questions or be punished for contempt. Plaintiff appeared before the court and filed his answer, alleging: First, that the term for which the grand jury had been impaneled had terminated, and therefore the grand jury had ceased to exist; second, he admitted the publication as charged and set out, but justified refusal to answer, because such answer would tend to incriminate him under the statute of Illinois relating to criminal libel; third, he set out in full the article as published; fourth, he admitted that he was city editor of the paper publishing the article, and specified many, if not all, of his duties as such; fifth, he admitted that he appeared, as charged, before the grand jury and was questioned regarding the article, that he responded to the questions as set out in the petition, that the testimony was given reluctantly and under compulsion, that at the time he had no opportunity and had not consulted with counsel, that he since such time had advised with counsel, and averred that answers to questions which he declined to answer as aforesaid might tend to incriminate him; sixth, that he ought not to be required to answer any question which might tend to incriminate him, and asked all the immunities and privileges granted him by law, including those guaranteed by the Fifth Amendment to the Constitution of the United States, and that he be not required to answer such questions, or any of them, and that he be discharged.

Upon the hearing, the court found that the petition was true, and the information sought to be adduced was necessary and proper, in order to enable the grand jury to comply with the order of the court, and ordered plaintiff to appear on March 15, 1920, before the grand jury, and answer the questions set forth in the petition. On the 15th day of March, 1920, the grand jury filed its further petition in the District Court. The language of the petition, in part, is:

"And this honorable court did, on the 12th day of March, 1920, enter an order directing the said Hector H. Elwell to appear on March 15, 1920, at 2 o'clock p. m., before the said grand jury and answer said questions set forth in said petition hereinabove referred to. Your petitioner further represents unto your honor that the said Hector H. Elwell did appear before the said grand jury on the day and the hour above set forth in the *petition* hereinbefore filed before this honorable court, and the said Hector H. Elwell then and there declined to answer said questions."

It is probable that the grand jury used the above underscored word "petition" instead of the word "order." Upon the filing of said petition, the District Court, on the 15th day of March, entered the following order:

"This matter coming on to be heard upon the order heretofore entered herein by this court on, to wit, the 12th day of March, A. D. 1920, ordering Hector H. Elwell to appear forthwith before the said grand jury and to answer the

certain questions set forth in the certain petition of the said grand jury heretofore filed herein, as set forth in said order last hereinabove referred to; and the court having heard the arguments of counsel in the premises; and it appearing to the court that the said Hector H. Elwell has wholly refused to comply with the said order of March 12, A. D. 1920, hereinabove referred to: The court doth find that the said Hector H. Elwell has willfully refused to answer the said questions above referred to, as he was ordered to do, as aforesaid, and has willfully refused to comply with said order last hereinabove referred to. Therefore it is hereby adjudged that the said Hector H. Elwell is guilty of a contempt of this court in having so willfully refused, as aforesaid, and to comply with said order. It is therefore ordered, adjudged, and decreed that the said Hector H. Elwell forthwith pay to the clerk of this court a fine of $500, and that the said Hector H. Elwell be imprisoned in the common jail of Cook County, there to remain charged with contempt, until he answers the said questions as aforesaid, and that a warrant for said commitment issue to carry this judgment into effect."

Plaintiff, on March 24th, appeared before the District Court and moved to vacate and set aside the last entered order, quash the order for commitment, and dismiss and discharge the respondent, for the following reasons, stated in writing: That he had not willfully refused to answer the questions or wholly refused to comply with the previous order of March 12, 1920; that there was no grand jury; that the persons who had theretofore been a grand jury assembled on March 15th and assumed to act as a grand jury, and that plaintiff appeared before them; that certain questions were asked him, and that his response to such as he failed to answer was set forth in "Exhibit A" attached to said motion. Referring to the person who wrote the published article, the question asked plaintiff was, "Will you tell the grand jury the name of that man?" "Exhibit A," so far as material, is:

"I regret that I must decline to answer the question. * * * I decline to answer, because my answer might tend to incriminate me. I regret I cannot explain how or why my answer might tend to incriminate me, because such explanation might tend to incriminate me."

[1] 1. The question as to whether there was a grand jury before which plaintiff could be required to answer is partially disposed of by plaintiff's own motion, which says:

"The said persons who had composed the December, 1919, grand jury aforesaid, after separating as aforesaid, did not thereafter assemble until on March 15, 1920, * * * when they assembled and assumed to act as a grand jury."

It is admitted that the grand jury during the December term was legal. The motion shows a de facto grand jury on March 15, 1920. Section 284 of the Judicial Code (Comp. St. § 1261), referring to the District Court, provides:

"And said court may in term order a grand jury to be summoned at such time, and to serve such time as it may direct."

An order of the District Court entered January 31, 1920, showed unfinished business before the grand jury, and expressly continued its existence to finish business then before it. See United States v. Rockefeller, 221 Fed. at page 466; People v. McCauley, 256 Ill. 504, at page 509, 100 N. E. 182, Ann. Cas. 1913E, 318. There is some claim that the formal order continuing the jury is not properly shown. In

any event the court that originally organized it was treating it as a bona fide grand jury, and it was doing the business ordered by the court.

2. It is contended that when the order of March 15, 1920, was entered there was nothing before the court to show that plaintiff did not appear and answer questions as commanded in the order of March 12th. This contention is based upon the claim that the petition filed March 15th fixed the time of plaintiff's appearance before the grand jury by an obviously inadvertent reference to a petition which had no existence. Despite the use of the word "petition," we are of opinion that it was clearly shown that plaintiff appeared before the grand jury on March 15th, pursuant to the court's order of March 12th, and that he there refused to answer the questions. (See reference to grand jury's petition of March 15th, supra.)

3. It is argued, too, that plaintiff was not present when the order of March 15th was entered; but his motion makes no such contention, and the order shows that the court heard arguments of counsel, and that it appeared that plaintiff wholly refused to comply with the order of March 12th. His motion shows that he was before the grand jury on March 15th and refused to answer. Every utterance of plaintiff, from his first appearance before the grand jury to the end of the record, shows, not compliance, but refusal to comply, so that, unless the plaintiff was to be excused because of his claim made under the Fifth Amendment, the only thing the court could have done, at the hearing on plaintiff's motion, was to deny it, or else set the order of March 15th aside and immediately re-enter it as of March 24, 1920, which would have been an idle and purposeless ceremony.

[2] 4. Plaintiff's main contention is based upon the question raised by the following answers to the grand jury, viz.:

"I decline to answer, because my answer might tend to incriminate me. I regret I cannot explain how or why my answer might tend to incriminate me, because such explanation might tend to incriminate me."

Plaintiff in argument cites the statutes of Illinois relating to criminal libel, and suggests:

"In the light of such statutes, reference to the newspaper article will show that in addition to the matters hereinbefore indicated, in which plaintiff in error might have criminated himself by his answers, a crime may have been committed against the people of the state of Illinois."

This contention has been fully disposed of by the Supreme Court of the United States adversely to plaintiff's suggestion in Hale v. Henkel, 201 U. S. at page 68, 26 Sup. Ct. 370, 50 L. Ed. 652.

[3] 5. The above-quoted answers show that plaintiff claimed before the grand jury, and he is here claiming, not only the right to refuse to make answers that might tend to incriminate him, but also the right in himself, and not in the court, to determine what might or might not tend to incriminate him. This precise question was before the Supreme Court of the United States in Mason v. United States, 244 U. S. at page 365, 37 Sup. Ct. at page 622, 61 L. Ed. 1198, and determined ad-

versely to plaintiff's contention. There the court, quoting from The Queen v. Boyes, 1 B. & S. 311, said:

"It was also contended that a bare possibility of legal peril was sufficient to entitle a witness to protection; nay, further, that the witness was the sole judge as to whether his evidence would bring him into danger of the law, and that the statement of his belief to that effect, if not manifestly made mala fide, should be received as conclusive. With the latter of these propositions we are altogether unable to concur. * * * To entitle a party called as a witness to the privilege of silence, the court must see, from the circumstances of the case and the nature of the evidence which the witness is called to give, that there is reasonable ground to apprehend danger to the witness from his being compelled to answer. We indeed quite agree that, if the fact of the witness being in danger be once made to appear, great latitude should be allowed to him in judging for himself of the effect of any particular question. * * * A question which might appear at first sight a very innocent one, might, by affording a link in a chain of evidence, become the means of bringing home an offense to the party answering. Subject to this reservation, a judge is, in our opinion, bound to insist on a witness answering unless he is satisfied that the answer will tend to place the witness in peril."

The plaintiff expressly refused to give any information which would enable the court to determine whether his answer to the question as to who wrote the article would tend to place the witness in peril. Under such circumstances, it was the duty of the District Court to insist upon the question being answered.

Order affirmed.

### On Petition for Rehearing.

It is urged that plaintiff's constitutional rights were infringed because he had no notice of the filing of the grand jury's petition of March 15th, and was not present at the hearing thereon and the entry of the order of the same date. The following, taken from the record, shows substantially all of the facts in the record:

On February 6, 1920, the grand jury, making the inquiry shown in the opinion filed herein, set out in a petition to the court certain questions and answers as follows:

"Q. Do you know the name of the man who wrote the article which appeared in the Chicago Evening American of the issue of Monday, January 26, 1920, which article is headed 'Ex.-U. S. Agent in $500,000 Drug Graft, Sago Named as Leader of Click'? A. I do.

"Q. Will you tell the grand jury the name of that man? A. I will not. I decline to give the name of the writer of that article, because I feel in honor bound to protect him, because, if newspapers do not protect people who furnish them news, it would be impossible for them to get news."

The petition asked that the court order plaintiff to appear and—

"show cause why he should not be required to answer said questions, or, upon his failure so to answer same, to be punished for contempt of court in refusing to answer said questions."

Pursuant thereto, plaintiff was ordered to appear on the 7th—

"then and there to show cause why he should not answer said questions, or, upon his failure so to answer same, to be punished for contempt of court in refusing to answer said questions."

Plaintiff, on February 13th, appeared in the District Court and filed his written answer, in which he identified himself as the respondent

named in the petition filed by the grand jury on February 6th, and then said:

"Respondent, having been ordered by said court to show cause why he should not answer certain questions set forth in said petition, or, upon his failure to answer same, be punished for contempt of court, respectfully answers aforesaid petition, and complies with aforesaid order, as follows"

—stating, in substance, first, that there was no grand jury; second, that to answer would tend to incriminate him under the statutes of Illinois relating to criminal libel; and, in conclusion, said:

"Wherefore, in consideration of the premises and because he ought not at any time, whether heretofore, when he declined to answer as aforesaid, or now or hereafter, be required or compelled to answer any question the answer to which might tend to incriminate him, hereby praying and claiming all the immunities and privileges granted him by law, including those guaranteed by the Fifth Amendment, having fully answered said petition and complied with the order of said court, respectfully prays this honorable court that he may not be required to answer said questions, or any of them, or be punished for any failure so to do, but that the rule on him be discharged, and that he be hence dismissed."

On February 23d the court entered the following order:

"This matter coming on to be heard upon the petition of the grand jury heretofore called for the December term, A. D. 1919, of this court, heretofore filed herein on February 6, 1920, and the answer of Hector H. Elwell thereto, filed herein on February 13, 1920, come the parties by their attorneys, and, after hearing statements and arguments of counsel, the court, being insufficiently advised in the premises, takes time to consider."

On March 12th the court entered the following order:

"This matter coming on to be heard upon the petition of the grand jury heretofore called for the December term, A. D. 1919, heretofore filed herein, for an order upon Hector H. Elwell to show cause why he should not be required to answer the certain questions set forth in said petition, or upon his failure so to do, to be punished for contempt of court therein, and further coming on to be heard upon the answer of Hector H. Elwell to said petition heretofore filed herein, the court, having read said petition and said answer, and having heard the arguments of counsel for the respective parties hereto, and being fully advised in the premises, does hereby find that all of the material allegations in said petition contained are true, that the questions in said petition set forth were pertinent and material to the investigation being then carried on by said grand jury as therein alleged, and that the information sought to be adduced by same was necessary and proper in order to enable said grand jury to comply with the order of this court set forth in said petition. Wherefore it is ordered by this court that the said Hector H. Elwell be, and he is hereby, ordered to appear on March 15, 1920, at 2 o'clock p. m., before said grand jury, and answer said questions set forth in said petition."

On March 15th the grand jury filed in the District Court its further petition, showing that plaintiff had appeared before the grand jury on that day, but that he then and there declined to answer said questions, and asked that he be punished for contempt of court for refusing to comply with the order of March 12th. Thereupon, on March 15th, the court entered the following order:

"This matter coming on to be heard upon the order heretofore entered herein by this court on, to wit, the 12th day of March, A. D. 1920, ordering Hector H. Elwell to appear forthwith before the said grand jury and to answer the certain questions set forth in the certain petition of the said grand jury

heretofore filed herein, as set forth in said order last hereinabove referred to, And the court having heard the arguments of counsel in the premises, And it appearing to the court that the said Hector H. Elwell has wholly refused to comply with the said order of March 12th, A. D. 1920, hereinabove referred to: The court doth find that the said Hector H. Elwell has willfully refused to answer the said questions above referred to, as he was ordered to do as aforesaid, and has willfully refused to comply with said order last hereinabove referred to. Therefore it is hereby adjudged that the said Hector H. Elwell is guilty of a contempt of this court in having so willfully refused as aforesaid, and to comply with said order. It is therefore ordered, adjudged, and decreed that the said Hector H. Elwell forthwith pay to the clerk of this court a fine of $500, and that the said Hector H. Elwell be imprisoned in the common jail of Cook county, there to remain charged with contempt, until he answers the said questions as aforesaid, and that a warrant for said commitment issue to carry this judgment into effect."

On March 24th, on a motion to vacate the foregoing order, plaintiff, again denying that there was any grand jury, said:

"The said persons who had composed the December, 1919, grand jury aforesaid, after separating as aforesaid, did not thereafter assemble until on March 15, 1920, previous to aforesaid order of that date, when they assembled and assumed to act as a grand jury in a room on the eighth floor of the building on the sixth floor of which said court was then holding its sessions in the city of Chicago, state of Illinois, and respondent then and there appeared before said persons assembled and assuming to act as a grand jury as aforesaid, and they proceeded then and there to put to said respondent certain questions, to each of which this respondent responded; his response to such questions as he failed to answer, however, being then and there substantially in the words set forth in the copy hereto attached and marked for identification Exhibit A, and except as above set forth said respondent did not and was not commanded or summoned or given opportunity to appear or testify or make answer before any grand jury, or any persons assuming to act as such, or said court, at any time after the entry of said order on March 12, 1920, until after the entry of said order of March 15, 1920."

Exhibit A is as follows:

"I regret that I must decline to answer the question.

"I am advised that I have the right to state—in fact, I believe that I am compelled to state—the reason I decline to answer.

"I decline to answer, because my answer might tend to incriminate me.

"I regret I cannot explain how or why my answer might tend to incriminate me, because such explanation might tend to incriminate me.

"I ask and claim every right and privilege of declining to answer any question that might tend to incriminate me, given by the Constitution and laws.

"I especially ask and claim all the rights and privileges granted by the Fifth Amendment to the Constitution of the United States.

"In reference to these matters, I have had the advice of my lawyer.

"In connection with my declination to answer and the reasons therefor, I wish also to state that the order of court pursuant to which I am here, and the petition upon which such order is based, each informs me that the question you ask me is a pertinent and material question in an investigation being carried on relative to certain alleged improper disclosures regarding deliberations of a grand jury in a grand jury room."

[4] It is important to note that plaintiff's written motion to vacate and set aside the order of March 15th and Exhibit A filed therewith fully substantiate the truth of the petition filed by the grand jury on March 15, 1920, and further substantiate the facts that, when plaintiff went before the grand jury on March 15th, he knew and understood that he was there pursuant to the court order of March 12th,

and that the question which he was asked was a pertinent one in regard to the investigation then before the grand jury. The conclusion is irresistible that, when he went before the grand jury on March 15th, he went there intending to disobey the order of March 12th, and to depend for protection, against the consequences of any order, upon what he considered to be his legal rights asserted in his answer before Judge Carpenter on February 13, 1920, after consideration of which the order of March 12th was entered. The legal rights asserted in the answer of February 13th were substantially identical with those reasserted in Exhibit A before the grand jury, and again in the motion to set aside the order of March 15th..

Petition for rehearing is denied.