## UNITED STATES v. MALONE.
### No. 27623.

District Court, N. D. Illinois, E. D.
April 8, 1937.

Michael L. Igoe, U. S. Atty., and Austin Hall, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Charles F. Rathbun, of Chicago, Ill., for defendant.

WILKERSON, District Judge.

This indictment was returned at the October term, 1933. The grand jury which returned it was impaneled by Judge Barnes at the July term. Judge Barnes made an order at the July term authorizing the grand jury to continue to sit during the succeeding (September) term to finish investigations begun but not finished by it. At the September term Judge Barnes made a similar order authorizing the grand jury to continue to sit during the October term.

The defendant, by plea in abatement, asserts that Judge Barnes, who was not the Senior District Judge, was without power to make the orders continuing the hearings before the grand jury, and that the indictment is void. The United States moves to strike the plea because (1) it was not filed within the time required by 18 U.S. C. § 556a (18 U.S.C.A. § 556a); (2) the defendant has been guilty of laches; and (3) prejudice to the defendant is not alleged.

The United States by answer to the plea alleges that the orders made by Judge Barnes were in accordance with a division of the business of the court under 28 U.S. C. § 27 (28 U.S.C.A. § 27); that they were orders of the court entered with the approval of the Senior Judge, and were so considered at all times by the Senior Judge. The defendant demurs to the answer of the United States.

The motion to strike the plea and the demurrer to the answer of the United States involve the construction of amended section 421 of title 28 U.S.C. (28 U.S. C.A. § 421) which provides as follows: "No grand jury shall be summoned to attend any district court unless the judge thereof, in his own discretion or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor. If the United States attorney for any district which has a city or borough containing at least three hundred thousand inhabitants shall certify in writing to the district judge or the senior district judge of the district that the exigencies of the public service require it, the judge may, in his discretion, also order a venire to issue, for a second grand jury: Provided, however, That if the United States attorney for the southern district of New York shall certify in writing to the senior district judge of said district that the exigencies of the public service require it, said judge may, in his discretion, also order a venire to issue for a third grand jury. And said court may in term order a grand jury to be summoned at such time,

and to serve such time as it may direct, whenever, in its judgment, it may be proper to do so. And the district judge or the senior district judge, as the case may be, may, upon request of the district attorney or of the grand jury or on his own motion, by order authorize any grand jury to continue to sit during the term succeeding the term at which such request is made, solely to finish investigations begun but not finished by such grand jury."

Is that portion of the section which relates to the authorization of the grand jury to continue to sit at the succeeding term to be given a construction which deprives a judge who has impaneled a regular grand jury of the power to make the order of continuance?

The lack of clearness and definiteness in this statute has been pointed out by the Circuit Court of Appeals of this circuit in Reuben v. United States, 86 F.(2d) 464, 469. The court there said:

"The section of the statute in question is inaptly worded and nowhere defines what is meant by 'the District Judge' or 'the Senior District Judge.' Whether Congress intended that the words 'the District Judge' were to apply only to districts where there was but one judge and that the words 'the Senior District Judge' were to apply in all districts where there was more than one judge, and, if so, whether the District Judge who had served more continuous years than his associates was under all circumstances the only judge who could continue the existence of a grand jury or whether in event of his absence or incapacity the next in seniority was to be clothed with such authority and to be considered 'the Senior District Judge' within the meaning of this section have become much controverted questions. We do know that Congress has, in relation to judges of the Circuit Court of Appeals, provided that in 'case the senior circuit judge of any circuit is unable because of illness or other cause to exercise any power given or to perform any duty imposed by law, such power or duty shall be exercised or performed by the other judges of that circuit in the order of the seniority of their respective commissions,' 28 U.S.C.A. § 216a.

"It would not be in the interest of justice or the orderly administration of the criminal business of the District Courts, if so important a matter as the continued existence of a grand jury were to depend upon the presence and ability to act of but a single individual. But whether Congress has so intended we are not called upon to decide in this case."

▇▇▇ In construing this statute, we must look into the history of its passage. We must ascertain the particular result which it was sought to accomplish and the words, if it is reasonably possible to do so, must be so construed as to carry out and not to thwart the purpose of the act. The statute, being a guide to public officers in the performance of their duties, should be interpreted, if possible, so as to facilitate and not to obstruct the performance of those duties.

The sentence in the section which relates to the continuance of the grand jury was added by amendment of February 25, 1931 (46 Stat. 1417 [28 U.S.C.A. § 421]). To get its real meaning we must trace the history of the statute. Section 810, R.S., enacted in 1878, was as follows: "No grand jury shall be summoned to attend any circuit or district court unless one of the judges of such circuit court, or the judge of such district, in his own discretion, or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor. And either of the said courts may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever, in its judgment, it may be proper to do so."

By act of March 28, 1910 (36 Stat. 267) section 810, R.S., was amended to read as follows: "No grand jury shall be summoned to attend any circuit or district court unless one of the judges of such circuit court, or the judge of such district, in his own discretion, or upon a notification by the district attorney that such jury will be needed, orders a venire issue therefor. If the United States attorney for any district which has a city or borough containing at least three hundred thousand inhabitants, shall certify in writing to the district judge, * * * or one of the judges of said circuit court, that the exigencies of the public service require it, the judge may in his discretion also order a venire to issue for a second grand jury. Either of said courts may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever in its judgment it may be proper to do so."

Section 810, R.S., as amended, was carried forward into the Judicial Code as section 284 (36 Stat. 1165 [28 U.S.C.A. §

421]) and the language changed to read as follows: "No grand jury shall be summoned to attend any district court unless the judge thereof, in his own discretion or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor. If the United States attorney for any district which has a city or borough containing at least three hundred thousand inhabitants shall certify in writing to the district judge, or the senior district judge of the district, that the exigencies of the public service require it, the judge may, in his discretion, also order a venire to issue for a second grand jury. And said court may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever, in its judgment, it may be proper to do so."

It will be seen that the power to order regular grand juries was one of the powers granted generally to District Judges. The provision as to the Senior District Judge was limited to orders for a second grand jury in districts in which such a jury could be summoned, and in which there was more than one judge.

There was no provision in the statute with reference to the continuance of the grand jury after the term for which it was summoned. In some of the districts, however (particularly the Southern District of New York and the Northern District of Illinois), it was the practice for the court to make orders authorizing grand juries to take up unfinished matters after the terms for which they were summoned had expired. The making of such an order was regarded as within the scope of the judicial authority possessed by all District Judges.

The practice of continuing grand juries, however, was questioned and some of the most experienced attorneys in the service of the government held the view that the power of the grand jury to act expired with the term for which it was summoned, and that the judge was without authority to extend it. In United States v. Rockefeller, 221 F. 462, 466 (D.C.N.Y.) and in Elwell v. United States, 275 F. 775, 777 (C.C.A. 7) the authority of the court to make such an order was sustained. Despite the opinions in the Rockefeller and Elwell Cases, the legal experts in the office of the Attorney General were of the opinion that there should be legislation which expressly authorized the court to make orders permitting the grand jury to hold over the term for which it was impaneled. This

view of the Attorney General was stated in a letter of the late Oliver E. Pagan, Special Assistant Attorney General, which was transmitted by the Attorney General to the chairman of the Judiciary Committee of the Senate (67 Congressional Record, 4th Session, report 1189, ordered printed on February 24, 1923). Mr. Pagan there stated:

"* * * I herewith enclose draft of a bill to amend Section 284 of the Judicial Code. * * *

"The first bill proposes to amend Section 284 of the Judicial Code by the insertion of a few lines which are indicated in pencil as being new matter. The thing sought to be accomplished by this additional matter is authority for grand juries to hold over the term. In all the large cities where the trust cases are usually prosecuted, criminal terms last only one month as a rule, and investigation of trust law violations can very seldom be completed during one term. Although in one or two districts the practice is followed of 'continuing the term' by order of court, every reasonable argument and analogy would seem to be against the power of a court's extending a term fixed by law, and to call for legislation definitely permitting a grand jury to hold over the term for which it is impaneled. At the common law all business ended with the term. Compare Bronson v. Schulten, 104 U.S. 410, 415, 26 L.Ed. 797. Section 8 of the Judicial Code [28 U.S.C.A. § 12] permits a petit jury to hold over the term to finish the trial of a case, and there should be similar legislation as to grand juries.

"To construe Section 284 as amended a few years ago, so as to permit a grand jury to hold over a term, as was done in United States v. Rockefeller (D.C.) 221 F. 462, 466, permits the convening of an indefinite number of grand juries, each sitting indefinitely so far as time is concerned. Notwithstanding this decision, the Department fears to risk any important case, especially one wherein the Statute of Limitations will run before the question can be settled by the Supreme Court, by detaining the grand jury beyond the term; and so the decision is of no practical value. All doubts upon this subject should be removed by legislation of some kind in the nature of the bill submitted herewith. * * *"

The bill was reported favorably by the Judiciary Committee, but it does not appear

to have been called up for passage. The bill was reintroduced, and in a letter, dated November 20, 1928, to the chairman of the Judiciary Committee of the Senate, the Attorney General said the following: "At my request you introduced a bill (S2204) to amend section 284 of the Judicial Code (section 421, title 28, U.S.C. [28 U.S.C.A. § 421]) so as to authorize district judges, on their own motion or on the request of district attorneys or grand juries, by order to authorize such grand juries to continue to sit during the term succeeding the term at which the request is made, solely to continue business before such bodies remaining unfinished; but providing that no grand jury shall sit for more than three terms."

The bill was reported favorably again by the Judiciary Committee of the Senate (Senate Report 1401, 70th Congress, 2d Session) but again it was not called up for passage.

It was introduced again on October 30, 1929. Up to this time the language of the proposed amendment was as follows: "No grand jury shall be summoned to attend any district court unless the judge thereof, in his own discretion or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor. If the United States attorney for any district which has a city or borough containing at least three hundred thousand inhabitants shall certify in writing to the district judge or the senior district judge of the district that the exigencies of the public service require it, the judge may, in his discretion, also order a venire to issue for a second grand jury. And said court may in term order a grand jury to be summoned at such time and to serve such time as it may direct, whenever in its judgment it may be proper to do so. And such judge may, upon request of the district attorney or of the grand jury or on his own motion, by order authorize any grand jury to continue to sit during the term succeeding the term at which such request is made solely to continue business unfinished by such grand jury: Provided, however, That no grand jury shall be permitted to sit in all during more than three terms. * * *"

In the meantime, the Attorney General reached the conclusion that section 284 of the Judicial Code should be further amended so as to authorize the calling of a third grand jury in the Southern District of New York (Senate Report 877, 71st Congress,

2d Session). The proposed amendment as revised by the Attorney General, and with a slight amendment not here material which was inserted in committee, was enacted February 25, 1931, and is section 421, 28 U.S.C. (28 U.S.C.A. § 421) in its present form.

■ The purpose of the statute being to confirm a power which some courts had held existed without express statutory authority, it should not be construed to take away that power unless the language clearly requires it.

For many years the judges of the Southern District of New York and the Northern District of Illinois acted upon the assumption that the court had power to authorize a grand jury to hold over. United States v. Rockefeller, supra; Elwell v. United States, supra. See, also, Johnson v. United States, 5 F.(2d) 471 (C.C.A.4). The Attorney General, however, thought the question was doubtful and was of the opinion that there should be express authority in the statute for the court to continue the grand jury. In the drafts of the amendments which were before several sessions of Congress, the language used was: "and such judge (i. e. a judge who may summon a grand jury) * * * may by order authorize any grand jury to continue to sit. * * *" The change in the language by which it was made to read "the district judge or senior district judge as the case may be" was made when the provision for a third grand jury in the Southern District of New York was inserted.

In the light of this legislative history, the language used in the amendment of 1931 should not be construed to take away from a judge who has the power to summon a regular grand jury the power to make an order of court by which the grand jury is authorized to take up at a succeeding term its unfinished work.

■■ It is not claimed here that by any order as to the division of business an attempt has been made to limit the authority of any judge over the regular grand jury. And the court, of course, takes judicial notice that there is no such order of this court. The impaneling and supervision of the work of the grand jury is a part of the business of the court for the handling of which as a matter of convenience the judges make arrangement among themselves. But as to the power to make orders with reference to the work of the regular grand jury,

each judge at all times has all the power possessed by the court. Any other interpretation of the statute would lead to inconvenience, and if an emergency arose requiring prompt action, might have serious results.

The United States by way of answer asserts that the orders of Judge Barnes were made in accordance with the division of the business of the court under 28 U. S.C. § 27 (28 U.S.C.A. § 27), and that they were orders of the court entered with the approval of the Senior Judge. The judge who has heard this motion was the Senior Judge at the time, and hereby certifies that the orders were entered with his approval under an arrangement with Judge Barnes as to the handling of the business of the court.

The plea in abatement will be overruled and the defendant ruled to appear and plead to the merits on April 15, 1937, at 10 a. m.